UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIO JIMENEZ, MARIBEL GONZALEZ-MOSSO JIMENEZ,<br><br>             Plaintiffs,<br><br>     -against-<br><br>THE CITY OF NEW YORK; DETECTIVE JAMES QUILTY; NEW YORK CITY HEALTH AND HOSPITALS CORPORATION; HARLEM HOSPITAL CENTER; KRYSTAL MERRITT; HANNA COHEN, CYRACOM INTERNATIONAL, INC.; THE MOUNT SINAI HOSPITAL; MOUNT SINAI HOSPITALS GROUP, INC.; RAYMOND TROWERS; and JOHN/JANE DOE# 1-3,<br><br>             Defendants. | **MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. RULE CIV. P. 12(e) BY DEFENDANTS CITY OF NEW YORK, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION JAMES QUILTY, REYNOLD TROWERS AND KRYSTAL MERRITT, AND MEMORANDUM IN SUPPORT THEREOF**<br><br>14 Civ. 2994 (SAS)<br><br>**ECF** |

   Defendants City of New York ("City"), the New York City Health and Hospitals Corporation ("HHC"), New York City Police Detective James Quilty, Dr. Reynold Trowers and Social Worker Krystal Merritt (collectively "the City Defendants"),[1] by their attorney Zachary W. Carter, Corporation Counsel for the City of New York, hereby move, pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement. This motion is prompted by Plaintiffs' written promise to withdraw one of its central claims against the City Defendants and to amend and "redraft" the Complaint to address various other deficiencies. The City Defendants further request that their deadline for answering or otherwise responding to the present Complaint be held in abeyance pending the anticipated amendment.

---

[1] Plaintiffs purport to name Harlem Hospital Center, an operating division of HHC and non-suable entity, as a defendant in its own right.

## MEMORANDUM IN SUPPORT

1.      On June 9, 2014, Elizabeth Daitz, former counsel for the City Defendants,[2] sent Plaintiffs' counsel, Gregory Mouton, Esq., a letter pursuant to the Court's Individual Rules and Procedures § IV.B, setting forth the grounds for an anticipated motion to dismiss the Complaint against the City Defendants.  *See* 06/09/14 Letter from E. Daitz to G. Mouton, attached hereto as Exhibit A.   Among the issues raised in her letter to Plaintiffs' counsel, Ms. Daitz noted Plaintiffs' failure, and apparent inability, to state a claim for conspiracy under 42 U.S.C. § 1983.  *See id*. at 2.  Ms. Daitz directed Plaintiffs' attention to numerous other deficiencies in the 206-paragraph Complaint, including its overall failure to conform with Fed. R. Civ. P. 8(a)'s requirement of a "short and plain statement" of the claims.  *See id.* at 1 and 2-3.  Ms. Daitz also pointed out to Plaintiffs' counsel that all of the state law claims in this case appear to be barred by the statute of limitations, and requested that those claims be withdrawn.  *See id.* at 3.  Finally, Ms. Daitz noted that Plaintiff Maribel Gonzalez-Mosso Jimenez has alleged no violation of her own federal Constitutional rights and therefore fails to state a claim under § 1983.  *See id.*[3]

2.      Plaintiffs' counsel responded via first-class mail on June 13, 2014.  *See* 06/13/14 Letter from G. Mouton to E. Daitz, attached hereto as Exhibit B (hereinafter "Mouton Letter").[4]

---

[2] Ms. Daitz resigned her position with the New York City Law Department effective June 13, 2014.  The undersigned Assistant Corporation Counsel will be handling this matter going forward.

[3] Many of the deficiencies and shortcomings in Plaintiffs' Complaint with respect to the claims against the City Defendants overlap those addressed by the Mt. Sinai Defendants in their Motion to dismiss the claims against them.  *See* Memorandum of Law on Behalf of the Mount Sinai Defendants in Support of Their Motion to Dismiss the Complaint (filed June 20, 2014) [docket no. 22].

[4] Mr. Mouton's letter was addressed to Ms. Daitz and purportedly copied to the undersigned Assistant Corporation Counsel as well as Thomas Catalano, Esq., attorney for the Mt. Sinai Defendants.  Undersigned counsel never received a copy of the letter directly from Mr. Mouton, and only became aware of its existence on Thursday, June 19, when Mr. Catalano forwarded a

In his letter, Mr. Mouton disputes some of the legal arguments raised in Ms. Daitz's letter, but also agrees to withdraw Plaintiffs' conspiracy claim (*see* Mouton Letter at 2), and offers to "redraft" the Complaint to clarify, correct, or amend various claims.  *See* Mouton Letter at 2-3. For example, Mr. Mouton states that "Plaintiffs do note that there are some causes of action that ***should have been more narrowly tailored***, and are willing to redraft the Complaint in that regard."  *Id*. at 2 (emphasis added).  *See also* Mouton Letter at 2 ("Plaintiffs are willing to redraft the Complaint to clear up any confusion which Defendants may have."); *id.* at 3 ("Plaintiffs are willing to clarify anything within the Complaint by redrafting it."); *and id.* ("Plaintiffs are willing to redraft the Complaint to clarify the various things pointed out in this letter."). Plaintiffs' promise to withdraw their conspiracy claim – one of the central claims of the Complaint – leaves the City Defendants unable to clearly discern the true scope and nature of the claims against them.  Accordingly, there can be no legitimate dispute that the Complaint, as presently drafted, is sufficiently "vague or ambiguous that the [City Defendants] cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).

     3. Despite his numerous admissions that the present Complaint requires amendment, Mr. Mouton concludes his letter by claiming that "the time to address these issues is not now" (i.e., prior to the City Defendants filing a responsive pleading or motion to dismiss).  *See* Mouton Letter at 3.  Instead, Mr. Mouton promises that "Plaintiffs will be amending their Complaint once the identity of Defendant Detective Quilty's partner is disclosed."  *Id.*  Mr. Mouton therefore suggests that the City Defendants "raise any issues [with the pleadings] after that time . . . in the

---

copy by email.  Upon reviewing Mr. Mouton's agreement to amend the Complaint, undersigned wrote and requested that Plaintiffs consent to the relief sought in this motion, thereby allowing the City Defendants to preserve their Rule 12(b) defenses whilst giving Plaintiffs time to make good on the promised amendment.  Plaintiffs declined to consent.  *See* 06/20/14 Email from G. Mouton to T. Zimmerman, attached hereto as Exhibit C.

interest of economy. . . ." *Id.*   Thus, Plaintiffs apparently contend that the City Defendants should either (1) expend the time and energy briefing a motion to dismiss on the entirety of the Complaint, including claims that Plaintiffs have already promised to withdraw; or else (2) file a responsive pleading to a Complaint that Plaintiffs admit "should have been more narrowly tailored," and thereby waive any valid defenses the City Defendants might otherwise assert under Fed. R. Civ. P. 12(b).   Rather than promoting "economy," the Plaintiffs' proposed sequence of amending *after* an answer or response appears calculated only to multiply the work required of Corporation Counsel in representing the City Defendants, and would merely prolong and complicate the pleading stage of this case to no apparent benefit.

4.      Plaintiffs' are mistaken when they contend that they can or should postpone their amendment pending identification of a specific "John Doe" defendant.  Before the identity of "Detective Quilty's partner" is necessary to this suit, Plaintiffs must first state a viable claim against that person, even if they do not know his or her name.   Framing the legal and factual issues underlying the validity of Plaintiffs' causes of action is far more important that filling in the specific name of a defendant who is otherwise identified as "John Doe."   A future amendment to substitute an actual name for a "Doe" defendant is a minor matter, that will require little additional effort by the parties, particularly when compared to the effort that Plaintiff apparently demands from the City Defendants in answering or responding to claims that are overbroad that Plaintiffs have promised to withdraw.[5]

5.      There is no dispute that Plaintiffs may amend their Complaint at this time as a matter of right under Fed. R. Civ. P. 15(a).  Rather than waiting until *after* the City Defendants

---

[5] The Office of Corporation Counsel is amenable to working with Plaintiffs' counsel to identify, to the extent possible, specifically described "Doe" defendants prior to the deadline for Rule 26(a)(1) disclosures in order to facilitate an efficient amendment process.

- 5 -

have responded to an initial Complaint that will soon be replaced (and, presumably, significantly overhauled), Plaintiffs should be compelled to file a pleading that conforms with Rules 8 and 11 before the City Defendants waste time answering or moving to dismiss a Complaint that even Plaintiffs concede is deficient.

## CONCLUSION

For the foregoing reasons, the City Defendants respectfully request that the Court order Plaintiffs to file, by a date certain, an amended pleading that corrects or addresses the issues acknowledged by Plaintiffs' counsel in his letter of June 13th.  The City Defendants' further request that their obligation to respond to the presently drafted Complaint be held in abeyance pending that amendment.

Dated June 20, 2014               **ZACHARY W. CARTER**
New York, New York           Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, HHC,*
*   Quilty, Trowers and Merritt*
100 Church Street
New York, New York 10007
(212) 356-2661


By:        /s/
                Tobias E. Zimmerman
                *Assistant Corporation Counsel*

cc:    All Counsel of Record (**via ECF**)