# EXHIBIT A



ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Elizabeth M. Daitz
*Senior Counsel*
edaitz@law.nyc.gov
(212) 356-2412
(212) 788-9776 (fax)

June 9, 2014

**VIA EMAIL AND FIRST CLASS MAIL**
Gregory P. Mouton, Jr.
The Law Office of Gregory P. Mouton, Jr.
244 5th Avenue, Suite G247
New York, New York 10001

    Re:    <u>Patricio Jimenez, et al. v. The City of New York, et. al.</u>, 14 Civ. 2994 (SAS)

Mr. Mouton:

    I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. Defendants City, Detective James Quilty, New York City Health and Hospitals Corporation and Harlem Hospital Center[1] ("City defendants"),[2] write in accordance with Rule IV(B) of Judge Scheindlin's Individual Rules and Procedures, to attempt to eliminate the need for the City defendants to move to dismiss plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

    **I.**    **The Complaint Fails to Comply with Rule 8 or Rule 12(b)(6)**

    At the outset, plaintiffs fail to specify which of the two plaintiffs are pleading which claims against which of the named defendants, failing to satisfy both Rule 8 and Rule 12(b)(6). See <u>Wynder v. McMahon</u>, 360 F.3d 73, 80 (2d Cir. 2004) (a Rule 12(b)(6) motion will "lie to permit each particular defendant to eliminate those causes of action as to which no set of facts has been identified that support a claim against him"); <u>Hendrix v. City of New York</u>, 12 CV 5011 (ILG) (CLP), 2013 U.S. Dist. LEXIS 179259, at * 34-35 (E.D.N.Y. Dec. 20, 2013) (plaintiff's complaint fatally defective where he failed to specify the individual defendants against whom claim was asserted, and failed to establish personal involvement). Moreover, the allegations in the Complaint are neither short, nor plain, nor plausible, and therefore, should be withdrawn with prejudice.

---

[1] Harlem Hospital Center is an operating division of the New York City Health and Hospitals Corporation and cannot be sued in its own right. Accordingly, any claims asserted against the hospital itself should be withdrawn.

[2] This office does not yet represent defendants Trowers or Merritt, though we expect to have any representation issues resolved on or before June 20, 2014. The arguments herein, nonetheless apply to these parties with equal force.

## II. Plaintiffs Fail to State a Claim Against the City Defendants

Plaintiffs' primary allegation, as reflected in ¶ 58 and the Thirteenth Cause of Action in the Complaint, is that all defendants, including a private translation service, conspired to deprive plaintiff Patricio Jimenez of his state and federal constitutional rights, by falsifying a domestic abuse complaint and attributing that complaint to plaintiff Maribel Jimenez, for no apparent reason. These allegations are both wholly conclusory and implausible. See Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003) (holding that conclusory allegations of conspiracy are insufficient to plead claim for relief). To state a § 1983 conspiracy claim, plaintiffs must allege "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Concepcion v. City of New York, 05 Civ. 8501 (RJS), 2008 U.S. Dist. LEXIS 91554, at *8-9 (S.D.N.Y. May 7, 2008) (citing Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002) (citations omitted)). The Complaint fails to meet this standard, as it offers no factual details regarding any agreement among the defendants to violate plaintiffs' constitutional rights.

Additionally, "[i]t is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013). Plaintiffs' purported conspiracy claim is an end-run around the fact that plaintiffs fail to plead any facts establishing the personal involvement of defendants Merritt or Trowers in any alleged constitutional violation. See Vazquez v. Combs, No. 04 Civ. 4189 (GEL), 2004 U.S. Dist. LEXIS 22137, at *4 (S.D.N.Y. Oct. 22, 2004) ("[M]erely filing a complaint with the police, reporting a crime, requesting criminal investigation of a person . . . even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation."). At most, plaintiffs plead that medical personnel were informed by EMS about plaintiff Maribel Jimenez, "attended" to plaintiff in the hospital, communicated with her through a translator, and reported an allegation of abuse to the NYPD. These allegations do not give rise to even the inference of misconduct, let alone a conspiracy to violate plaintiffs' constitutional rights, which is fatal to plaintiffs' claims.

With respect to defendant Detective Quilty, he was entitled to rely on the information provided by the hospital and/or his fellow police officers, and an ill-pleaded conspiracy claim simply cannot overcome his entitlement to the defense of qualified immunity on each of plaintiffs' claims. See Giraldo v. Kessler, 694 F.3d 161, 167 (2d Cir. 2012) (where the objective circumstances trigger immunity, allegations of a conspiracy are irrelevant).

## III. Plaintiffs Fail to Plead Any Facts in Support of Most Causes of Action

Plaintiffs inexplicably assert causes of action that simply have nothing to do with the allegations against the defendants in this case, many of which are wholly time-barred, straining the limits of Rule 11. By way of example, plaintiff pleads "State & Federal Unlawful Stop and Search" claims, despite the fact that plaintiff Patricio Jimenez turned himself in at a police precinct after learning he was wanted for arrest. (Complaint, at ¶¶ 100-102). Plaintiffs also purport to plead, in the most conclusory fashion, causes of action for state law assault, battery and harassment (Complaint, at ¶¶ 106-108), negligence (Complaint, at ¶¶ 109-113), intentional and negligent infliction of emotional distress (Complaint, at ¶¶ 114-122), negligent hiring, supervision and retention (Complaint, at ¶¶ 123-128), and malicious abuse of process

(Complaint, at ¶¶ 135-140). To the extent the state law claims are governed by a one-year statute of limitations, they must be withdrawn.

Plaintiff further purports to plead an equal protection claim, apparently against the City itself, based upon a general "discriminatory program" maintained by the NYPD, referencing Clean Halls buildings, the stop and frisk program, trespassing and marijuana arrests. (Complaint, at ¶¶ 156-175). At best, these allegations appear to be simply copied and pasted from other lawsuits filed by plaintiffs' counsel, and clearly bear no relation whatsoever to the factual allegations in the instant case. Certainly plaintiffs' pleading does not target any official custom or policy that was the moving force behind plaintiff Patricio Jimenez's arrest for assaulting his wife, as required under, *inter alia*, Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007). Defendants will be compelled to bring identical pleadings to the Court's attention, should plaintiffs refuse to withdraw these baseless, *pro forma* claims.

### IV. Plaintiff Maribel Jimenez, the Complaining Victim, Fails to State a Claim

Plaintiff Maribel Jimenez was not arrested or prosecuted, and has not plausibly alleged that she was subject to any constitutional injury *vis a vis* the arrest of her husband. The "weight of authority" in this Circuit holds that a plaintiff may not bring a loss of consortium claim under § 1983. Harrison v. Harlem Hosp., 05 Civ. 8271 (WHP), 2007 U.S. Dist. LEXIS 71908, *11-*12 (S.D.N.Y. Sep. 28, 2007). See also Kreutzberg v. County of Suffolk, 04-CV-3835 (JS) (WDW), 2006 U.S. Dist. LEXIS 84171, *11-14 (E.D.N.Y. 2006) ("all four Second Circuit district courts and the Sixth Circuit have found that a loss of consortium claim is a derivative claim that is not cognizable under Section 1983."). As well, because Patricio Jimenez has not plausibly alleged any tort claim, plaintiff Maribel Jimenez's derivative loss of consortium claim, to the extent properly pleaded under state law, also fails. Griffin v. Garratt-Callahan Co., 74 F.3d 36, 40 (2d Cir. 1996) (wife's derivative loss of consortium claim dismissed because husband's underlying claims dismissed). Finally, loss of consortium claims are governed by the same statute of limitations controlling the underlying cause of action. To the extent plaintiff Patricio Jimenez's state law claims are time-barred, so is the derivative loss of consortium claim.

### V. Conclusion

Please promptly advise whether plaintiffs will withdraw the Complaint for the reasons set forth herein. Defendants reserve the right to move to dismiss on additional grounds not set forth in this letter, including but not limited to defenses specific to defendants Trowers and Merritt, who are not state actors, and deficiencies in plaintiffs' Notice of Claim.

Respectfully submitted,

/s/

Elizabeth M. Daitz
Senior Counsel

cc:   Thomas A. Catalano (via email)
      Lester, Schwab, Katz & Dwyer LLP
      24 Lackawanna Plaza
      Millburn, N.J. 07041

3