# EXHIBIT B



**THE LAW OFFICE OF GREGORY P. MOUTON, JR.**
Gregory P. Mouton, Jr., Esq., *Principal*
305 Broadway, 14th Floor
New York, NY 10007
Phone & Fax: (646) 706-7481
Email: info@moutonlawnyc.com

June 13, 2014

Elizabeth Daitz, Esq.
New York City Law Department
*Attorneys for Defendants*
*The City of New York,*
*Detective James Quilty, &*
*New York City Health & Hospitals Corporation*
100 Church Street
New York, NY 10007

Via First-Class Mail

Re:   <u>Patricio Jimenez, et al., v. The City of New York, et al.</u>, 14 Civ. 2994 (SAS) (FM)

Counsel,

    My Office represents Plaintiffs Patricio Jiminez and Maribel Jimenez in the above-entitled matter. In that capacity I write to outline Plaintiffs' response to Defendants The City of New York, Detective James Quilty, and New York City Health & Hospitals Corporation ("Defendants") letter dated June 9, 2014, in which you purport to point out various deficiencies in Plaintiffs' Complaint.

    At the outset, Plaintiffs would point out that many of the claims you make in your letter seem to be a "throw in the kitchen sink" attempt to pile on as many issues into your letter as possible. The allegations are so vague and appear to have been copied and pasted from other such letters counsel has sent out in other cases, as many of the allegations fail to specify any examples. However, Plaintiffs will address each allegation in turn.

I.   <u>Compliance with FRCP Rule 12(b)(6)</u>

    In the letter, Defendants allege, without example, that Plaintiffs have failed to identify which Plaintiff are pleading which claim against which defendant. Defendants further cite a case which has nothing to do with this assertion.

    To be sure you and I have addressed this issue before. One example is Mr. Jiminez's false arrest claim, for which he has clearly stated a *prima facie* cause of action. However, the Complaint alleges that as a result of Mr. Jimenez's false arrest, Mrs. Jimenez suffered damages, not that Mrs.

Jiminez's damages stemming from the false arrest flow through, for example, her claim for loss of services and consortium.

Defendants' claim that causes of action have not been stated is simply inaccurate. Further, the defendants have clearly been identified as to whom each cause of action applies. However, Plaintiffs do note that there are some causes of action that should have been more narrowly tailored, and are willing to redraft the Complaint in that regard.

II.   Compliance with FRCP Rule 8

Defendants assertion that Plaintiffs have failed to comply with FRCP Rule 8 by not providing, short, plain, or plausible allegations is simply baseless and without example.

III.   Failure to State a Claim Against City Defendants

a.   *Conspiracy*

Plaintiffs are willing to withdraw their conspiracy claim.

b.   *Liability of Merritt and Trowers*

Your office does not represent Defendants Trowers or Merritt. As such, neither you nor your office should be acting or advocating on their behalf. Should there come a time when your office does represent these defendants, Plaintiff will respond to any arguments asserted on their behalf.

c.   *Liability of Defendant Quilty*

Despite Defendants' baseless assertion that Defendant Quilty is entitled to qualified immunity, it clearly states within the Complaint at ¶ 83 that "Defendant Quilty lied further to the New York County District Attorney's Office, telling prosecutors that Mrs. Jimenez had told him directly that she was the victim of abuse at the hands of her husband." Further, Defendant Quilty was not entitled to rely upon anyone from the hospital or his fellow police officers, none of whom were complaining victims, were eye witnesses, or had spoken to Mrs. Jimenez. As such Defendant Quilty is not covered by qualified immunity.

IV.   Deficient Facts for Causes of Action

Despite Defendants' allegations, there are more than enough facts to base their causes of action on. As each cause of action states, the previous allegations are incorporated into each cause of acton. Therefore, for example, where in Plaintiffs' negligence claim, it is clear that all of the defendants had a duty to prevent harm to Plaintiffs, given the nature and position of each defendant. The actions of the defendants as stated in the facts alleged in the Complaint establish the breaches of that duty. However, Plaintiffs are willing to redraft the Complaint to clear up any confusion which Defendants may have.

Furthermore, insomuch as Defendants allege that the statute of limitations have passed, Plaintiffs refer Defendants to the principle of tolling and continuous torts for which the facts, as alleged in the Complaint, provide a basis for.

As for Plaintiffs' Equal Protection claim, Plaintiffs will not withdraw the claim, and the threat of providing copies of other Complaints from other matters that I have filed containing similar allegations, is of no moment. The allegations are substantial examples of repeated and widespread discriminatory practices established by the New York City Police Department, which consistently targets minorities in New York City. These are exactly what ¶ 159 says… examples. These examples in this, and in other matters, establishes how the NYPD has, in almost every aspect of its operations, accepted practices of discriminating against minorities, such as Plaintiffs.

In fact, it was based on some of these very examples of discrimination that the Court found that the NYPD has discriminatory practices. Furthermore, these discriminatory practices help fuel the other practices within the NYPD. By targeting minorities, members of the NYPD are able to fulfill productivity goals and obtain overtime as specified in the Complaint. Plaintiffs are willing to clarify anything within the Complaint be redrafting it.

V.  Loss of Services and Consortium

Mrs. Jiminez's loss of services and consortium claim is not time barred, nor is it being brought as a federal claim. As such, Plaintiffs will not be withdrawing it.

VII.  Conclusion

In conclusion, Plaintiffs are willing to redraft the Complaint to clarify the various things pointed out in this letter. However, Plaintiffs will not be withdrawing their Complaint, and many of your allegations are baseless, and needlessly causing the expenditure of attorneys' fees.

Furthermore, the time to address these issues is not now. Plaintiffs will be amending their Complaint once the identity of Defendant Detective Quilty's partner is disclosed. Plaintiffs would suggest that if there are any issues after that time, Defendants may raise them, in the interest of economy and considering Judge Scheindlin's rules which indicate that leave to amend the Complaint will be freely given.

Thank you for your time and attention to this matter.

Best,

Gregory P. Mouton, Jr., Esq.

cc:

Tobias Zimmerman, Esq.
New York City Law Department
*Attorneys for Defendants*
*The City of New York,*
*Detective James Quilty, &*
*New York City Health & Hospitals Corporation*

100 Church Street
New York, NY  10007

Thomas Catalano, Esq.
Lester, Schwab, Katz & Dwyer LLP
*Attorneys for Defendants*
*Mount Sinai Hospitals Group, Inc.,*
*The Mount Sinai Hospital, &*
*Hanna Cohen*
120 Broadway, 38th Floor
New York, NY  10271