UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
PATRICIO JIMENEZ,

Plaintiff,

14 Civ. 2994 (SAS) (FM)

-against-

THE CITY OF NEW YORK, DETECTIVE JAMES QUILTY, DETECTIVE MIGUEL LOPEZ, and JOHN/JANE DOE # 1,

Defendants.
------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT



**LAW OFFICE OF GREGORY P. MOUTON, JR., LLC**
Gregory P. Mouton, Jr., Esq., *Principal*
305 Broadway, 14th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................ 1

**FACTS AND PROCEDURAL HISTORY** .................................................................... 1

**STANDARD OF REVIEW** ............................................................................................ 1

      I.      FRCP RULE 54(b) ............................................................................................... 1

      II.     LOCAL RULE 6.3 ................................................................................................ 2

**ARGUMENT** .................................................................................................................. 2

      I.      THE COURT CLEARLY ERRED WHEN IT FOUND THAT IGNORANCE OF THE LAW WAS "QUINTESSENTIAL EXCUSABLE NEGLECT" ..................... 2

            *a.   The Court clearly erred when it found that "Defendants" were the parties whose neglect was relevant to the motion.* ............................................................ 3

            *b.   The Court erred when it found that the ignorance of the law was "quintessential excusable neglect".* ............................................................................ 4

      II.     THE COURT ABUSED ITS DISCRETION BY EXTENDING DEFENDANTS' TIME TO FILE THE UNDERLYING MOTION ABSENT EXCUSABLE NEGLECT EVEN WHERE THERE WAS MINIMAL DELAY AND PREJUDICE ........................................................................................................ 5

      III.    THE COURT CLEARLY ERRED WHEN IT ASSESSED SANCTIONS UNDER FRCP RULE 56(h) BASED ON A STANDARD OF "WILLFUL BLINDNESS… TO… OBVIOUS AND FATAL FLAWS" RATHER THAN THE STANDARD OF "ACTUAL KNOWLEDGE" OF "INTENTIONAL LIES" SET BY THE SECOND CIRCUIT ................................................................................................. 6

      IV.    THE COURT CLEARLY ERRED WHEN IT FAILED TO RESOLVE ALL DOUBTS IN FAVOR OF GREGORY MOUTON, ESQ. ........................................ 8

**CONCLUSION** .............................................................................................................. 9

## TABLE OF AUTHORITIES

**CASES**

*Aalmuhammed v. Kesten*,
  2003 WL 118512 (S.D.N.Y. Jan. 14, 2003) ....................................................................... 6

*Active Glass Corp. v. Architectural and Ornamental Iron Workers*,
  899 F.Supp. 1228 (S.D.N.Y. 1995) ................................................................................... 3

*Bass v. NYNEX*,
  No. 02 Civ. 5171 (DLC), 2004 WL 2674633 (S.D.N.Y. Nov. 23, 2004).......................... 5

*Chiulli v. I.R.S.*,
  No. 03 Civ. 6670 (HBP), 2005 WL 3021179 (S.D.N.Y. Sept. 21, 2005) ...................... 4, 5

*Endicott Johnson Corp. v. Liberty Mutual Ins. Co.*,
  116 F.3d 53 (2d Cir. 1997)................................................................................................. 6

*Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*,
  270 F.3d 1 (1st Cir. 2001)................................................................................................... 6

*In re CRM Holdings, Ltd. Securities Litigation*,
  No. 10 CIV 00975, 2013 WL 787970 (S.D.N.Y. Mar. 4, 2013) ....................................... 2

*In re Rezulin Liability Litigation*,
  224 F.R.D. 346 (S.D.N.Y. 2004) ...................................................................................... 2

*Link v. Wabash R.R. Co.*,
  370 U.S. 626 (1962)............................................................................................................ 6

*Muhammad v. Walmart Stores E., L.P.*,
  732 F.3d 104 (2d Cir. 2013)............................................................................................... 7

*Official Committee of Unsecured Creditors of the Color Tile, Inc. v. Cooper & Lybrand, LLP*,
  322 F.3d 147 (2d Cir. 2003)............................................................................................... 2

*Optical Commc'ns Grp., Inc. v. M/V Ambassador*,
  938 F. Supp. 2d 449 (S.D.N.Y. 2013), aff'd 558 F. App'x 94 (2d Cir. 2014)............... 8, 9

*Perez v. Posse Comitatus*,
  373 F.3d 321 (2d Cir.2004)................................................................................................ 7

*Pioneer Investment Services Co. v. Brunswick Assocs. Limited Partnership*,
    507 U.S. 380 (1993).................................................................................................... 5

*Schlaifer Nance & Amp v. Estate of Warhol*,
    194 F.3d 323 (2nd Cir., 1999)..................................................................................... 7

*SEC v. McNulty*,
    137 F.3d 732 (2d Cir. 1998)........................................................................................ 6

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 2011)........................................................................................... 2

*Silivanch v. Celebrity Cruises, Inc.*,
    333 F.3d 355 (2d Cir. 2003)............................................................................. 4, 5, 6

*Straehle v. INA Life Ins. Co.*,
    No. 01 Civ. 7180 (FLB), 2005 WL 3388612 (E.D.N.Y. Dec. 8, 2005) ........................... 4

*Tancredi v. Metropolitan Life Ins. Co.*,
    378 F.3d 220 (2d Cir. 2004)........................................................................................ 5

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
    956 F.2d 1245 (2d Cir. 1992)...................................................................................... 2

*Weinstock v. Cleary, Gottlieb, Steen & Hamilton*,
    16 F.3d 501 (2d Cir. 1994).......................................................................................... 4

**STATUTES**

Fed. R. Civ. P. 54(b) ........................................................................................................ 2

**RULES**

L.R. 6.3 ............................................................................................................................. 2

## PRELIMINARY STATEMENT

Plaintiff Patricio Jimenez and the undersigned bring the instant motion pursuant to FRCP Rule 54(b) and Local Rule 6 respectfully requesting that the Court reconsider and/or revise its Opinion and Order dated December 9, 2015,[1] ("Fee Order") given that the Fee Order is based on clear error that creates a manifest injustice to Mr. Jimenez and the undersigned, as well as such other and further relief as the Court may deem just and necessary.

As set forth herein, the Fee Order is based on clear error in that it, in sum, (1) found that ignorance of the law was "quintessential excusable neglect"; (2) extended Defendants' time to file the underlying motion absent excusable neglect; (3) applies a standard of "willful blindness.. to.. obvious and fatal flaws" rather than "actual knowledge" of "intentional lies" as directed by the Second Circuit; and (4) fails to resolve all doubts in favor of the undersigned.

## FACTS AND PROCEDURAL HISTORY

In the interest of judicial economy, Mr. Jimenez assumes the Court's familiarity with the facts and procedural history of this matter.

## STANDARD OF REVIEW

**I.      FRCP RULE 54(b)**

Rule 54(b) provides in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[1] Found at Docket Entry No. 131.

Fed. R. Civ. P. 54(b).  Motions under Rule 54(b) are subject to the law of the case doctrine.  *In re*

*Rezulin Liability Litigation*, 224 F.R.D. 346, 349 (S.D.N.Y. 2004).  This means that the decisions

referenced in Rule 54(b) "may not usually be changed unless there is 'an intervening change of

controlling law, the availability of new evidence, or the need to correct a clear error or prevent a

manifest injustice.'"  *Official Committee of Unsecured Creditors of the Color Tile, Inc. v. Cooper*

*& Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (citing *Virgin Atl. Airways, Ltd. v. Nat'l*

*Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

## II.     LOCAL RULE 6.3

Local Rule 6.3 is entitled "Motions for Reconsideration or Reargument."  In pertinent part,

the rule provides: "There shall be served with the notice of motion a memorandum setting forth

concisely the matters or controlling decisions which counsel believes the court has overlooked."

L.R. 6.3.  Such a motion for "reconsideration will generally be denied unless a moving party can

point to matters that 'might reasonably be expected to alter the conclusion reached by the court.'"

*In re CRM Holdings, Ltd. Securities Litigation*, No. 10 CIV 00975, 2013 WL 787970, at *3

(S.D.N.Y. Mar. 4, 2013) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 2011)).

## ARGUMENT

## I.     THE COURT CLEARLY ERRED WHEN IT FOUND THAT IGNORANCE OF THE LAW WAS "QUINTESSENTIAL EXCUSABLE NEGLECT"

In the Fee Order, the Court noted that the Defendants' filing of their underlying motion

was one day late.  *See* Opinion and Order, Docket Entry No. 131 at pp. 11 – 12.  The Court noted

that the Defendants acted based on the "good faith (albeit substantively incorrect) belief" that the

motion deadline was October 9, 2015, pursuant to FRCP Rule 54(d)(2)(B)(i).  *Id.*  However, the

Court committed clear error when it (1) attributed the neglect to the Defendants as opposed to their

counsel, Tobias Zimmerman; and (2) by finding that ignorance of the law constitutes excusable neglect, a holding which is contrary to the "hard line" set by the Second Circuit.

**a. *The Court clearly erred when it found that "Defendants" were the parties whose neglect was relevant to the motion.***

"As a threshold matter, [when making a determination of excusable neglect] the Court must determine who neglected filing" the motion. *Active Glass Corp. v. Architectural and Ornamental Iron Workers*, 899 F.Supp. 1228, 1230 (S.D.N.Y. 1995). While the Court determined that the missed deadline was attributable to Defendants' excusable neglect, such a finding is clearly erroneous. The neglect is only attributable to the attorneys for the Defendants, the Office of the Corporation Counsel, and, specifically, Tobias Zimmerman. *See, e.g.*, *id.* (finding that the only neglect relevant to the motion was that of the party's counsel).

This is important because, as opposed to being helpless litigants caught among a tangle of statutes, Mr. Zimmerman portrays himself as a highly experienced and capable attorney. *See* Declaration of Tobias Zimmerman, Docket Entry No. 125 at p. 5 (outlining Mr. Zimmerman's extension federal litigation experience in the United States Supreme Court, the Eighth Circuit, the Second Circuit, the Southern District of New York, the Eastern District of New York, and three other district courts).[2] Such an attorney, and his supervisor, would have been knowledgeable about the deadline imposed by FRCP Rule 54(d)(2)(B)(i).

---

[2] Also relevant to this questions posed herein is Mr. Zimmerman's supervisor, Genevieve Nelson, who Mr. Zimmerman states is a "Senior Counsel" with the New York City Law Department, has been a member of several CLE panels, and has approximately 16 years of litigation experience.

**b.**     ***The Court erred when it found that the ignorance of the law was "quintessential excusable neglect".***

"As this Court has explained numerous times: The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.... Counsel's lack of familiarity with federal procedure is not an acceptable excuse." *Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994) (internal citations and quotations omitted).[3]   The Court's finding that Mr. Zimmerman's "substantively incorrect"[4] belief as to the deadline imposed by FRCP Rule 54(d)(2)(B)(i) constituted "quintessential excusable neglect"[5] is clearly erroneous and contrary to the case law that the Court is bound to follow.

It is clear error that the Court would find that Mr. Zimmerman's neglect was excusable. Even if Mr. Zimmerman had been a hapless *pro se* litigant, ignorance of the law would not have amounted to excusable neglect.  *Straehle v. INA Life Ins. Co.*, No. 01 Civ. 7180 (FLB), 2005 WL 3388612, at *3 (E.D.N.Y. Dec. 8, 2005) (pro se status and "garden variety claim of ignorance of the law" not excusable neglect); *Chiulli v. I.R.S.*, No. 03 Civ. 6670 (HBP), 2005 WL 3021179, at *2 - 3 (S.D.N.Y. Sept. 21, 2005) (pro se plaintiffs' travel plans and lack of knowledge of filing deadline not excusable neglect); *Bass v. NYNEX*, No. 02 Civ. 5171 (DLC), 2004 WL 2674633, at *3 (S.D.N.Y. Nov. 23, 2004) (pro se plaintiff's job schedule, need to read lengthy opinion, and

---

[3] In fact, it would not have mattered if the neglect was based in fact or law.  It cannot be held to be excusable neglect under any circumstance. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 369 (2d Cir. 2003) ("we see no reason to consider similarly neglectful conduct differently when it results in a mistake of law rather than a mistake of fact").

[4] *See* Opinion and Order, Docket Entry No. 131 at p. 12.

[5] *See* Opinion and Order, Docket Entry No. 131 at p. 13.

desire to confer with counsel not excusable neglect); *cf. Chiulli*, 2005 WL 3021179, at \*2 - 3

(noting that "[c]ourts have refused to grant extensions due to 'excusable neglect' because of failure

to read, understand, or follow a rule," collecting cases, and quoting *McNeil v. United States*, 508

U.S. 106,113 (1993): "[W]e have never suggested that procedural rules in ordinary civil litigation

should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## II.    THE COURT ABUSED ITS DISCRETION BY EXTENDING DEFENDANTS' TIME TO FILE THE UNDERLYING MOTION ABSENT EXCUSABLE NEGLECT EVEN WHERE THERE WAS MINIMAL DELAY AND PREJUDICE

The Second Circuit has clearly stated that nothing within the cases analyzing the Court's

authority to extend time to file a fee motion "confers on district courts untrammeled discretion to

extend the time to file a fee motion." *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 227

(2d Cir. 2004). "Absent a sufficient reason for [his] delay, **the fact that the delay and prejudice**

**were minimal would not excuse**" Mr. Zimmerman's failure to timely file the underlying motion.

*Id.* at 228 (emphasis added).

The Second Circuit has unequivocally held that it is an abuse of discretion to grant an

extension of time absent a finding of excusable neglect. *See Silivanch*, 333 F.3d at 369 – 370 (2d

Cir. 2003) (finding that the district court abused its discretion in extending a party's time file in

compliance with the FRCP) (citing *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463-64

(8th Cir. 2000) (holding that the district court abused its discretion by concluding that one-day-

late filing of notice of appeal resulting from counsel's miscalculation of the date on which notice

of appeal was due was "excusable neglect" for purposes of applying Rule 4(a)(5)); *Pioneer*

*Investment Services Co. v. Brunswick Assocs. Limited Partnership*, 507 U.S. 380, 392 (1993)

("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute

'excusable' neglect"); *Graphic Communications Int'l Union, Local 12-N v. Quebecor Printing*

*Providence, Inc.*, 270 F.3d 1, 8 (1st Cir. 2001) (affirming denial by district court of Rule 4(a)(5) extension because lateness "was the result of ignorance of the law and inattention to detail")).

In fact, the Second Circuit notes that its rejection of finding excusable neglect in cases that involve excuses similar to Mr. Zimmerman's is a "**hard line**." *Silivanch*, 333 F.3d at 368 (emphasis added).  The reason behind this seemingly harsh rule is that generally, "the conduct of an attorney is imputed to his client, for allowing a party to evade the consequences of the acts or omissions of his freely selected agent would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent." *Aalmuhammed v. Kesten*, 2003 WL 118512 (S.D.N.Y. Jan. 14, 2003) (citing cases); *see also SEC v. McNulty*, 137 F.3d 732, 739 (2d Cir. 1998) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962)).  Simply put, there is "nothing exceptional about [Mr. Zimmerman's excuse for neglect] or its context that should relieve [Defendants] of responsibility for [their]… compliance with the rules of procedure."  *Silivanch*, 333 F.3d at 369 (citing *Endicott Johnson Corp. v. Liberty Mutual Ins. Co.*, 116 F.3d 53, 57 (absent "exceptional circumstances, each party is responsible for knowing the pertinent procedural rules and principles and for taking such steps as are needed to protect its own interests.")).

Given the foregoing, the Court's Fee Order granting Defendants a retroactive extension of time to file the underlying motion was clear and reversible error.

**III.   THE COURT CLEARLY ERRED WHEN IT ASSESSED SANCTIONS UNDER FRCP RULE 56(h) BASED ON A STANDARD OF "WILLFUL BLINDNESS… TO… OBVIOUS AND FATAL FLAWS" RATHER THAN THE STANDARD OF "ACTUAL KNOWLEDGE" OF "INTENTIONAL LIES" SET BY THE SECOND CIRCUIT**

The Court committed clear error when it found that sanctions were appropriate based on the undersigned's "willful blindness to the obvious and fatal flaws in Mrs. Jimenez's story". *See*

6

Opinion and Order, Docket Entry No. 131 at p. 19.  This is not the standard set in this circuit.  In the Second Circuit, sanctions are only appropriate where the testimony contains intentional lies, and the attorney is aware of this.  *Schlaifer Nance & Amp v. Estate of Warhol*, 194 F.3d 323, 340 (2nd Cir., 1999) ("although improvident, the use of Roger Schlaifer's testimony cannot be characterized as deceptive absent additional evidence indicating that the testimony's inconsistencies were intentional lies and that [his attorneys] were aware of this"); *see also Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108-09 (2d Cir. 2013) (reversing the district court's imposition of sanctions because the court misapplied the relevant legal standard of subjective bad faith by basing its conclusion on reasons other than on "actual knowledge").  On that basis alone, the Court's decision should be vacated.

The Court also committed clear error because its findings do not provide a basis for sanctions under the correct standard.  The Court has never made a finding of an "intentional lie", but only that Mrs. Jimenez's statements were "very likely" to be false.  *See* Opinion and Order, Docket Entry No. 131, at p. 7.

Similarly, the Court failed to find any actual knowledge of intentional lies by the undersigned.  *See* Opinion Order, Docket Entry No. 131 at p. 19 (explicitly stating that the Court was not determining that the undersigned had actual knowledge that Mrs. Jimenez's affidavit was false).  The failure to apply this standard, and resolve all doubts in favor of the undersigned,[6] was clear error.

---

[6] In assessing the motion for sanctions, the Court is "required to resolve all doubts in plaintiff's counsel's favor." *Optical Commc'ns Grp., Inc. v. Ambassador*, 938 F.Supp.2d 449, 465 (S.D.N.Y. Mar. 29, 2013) (citing *Perez v. Posse Comitatus*, 373 F.3d 321, 324 (2d Cir.2004)).

**IV.   THE COURT CLEARLY ERRED WHEN IT FAILED TO RESOLVE ALL DOUBTS IN FAVOR OF GREGORY MOUTON, ESQ.**

In fact, resolving all doubts in the undersigned's favor, there is evidence submitted by the undersigned which make it objectively reasonable for the undersigned to have relied on Mrs. Jimenez's statements, even if her statements were suspect.   *See Optical Commc'ns Grp., Inc. v. M/V Ambassador*, 938 F. Supp. 2d 449, 465 (S.D.N.Y. 2013), aff'd 558 F. App'x 94 (2d Cir. 2014) (denying motion for sanctions and holding "we cannot conclude that it was objectively unreasonable for counsel to rely on [the plaintiff's] representations, as suspect as they may be"); *see also Calloway v. Marcel Entertainment Group*, 854 F.2d 1452, 1479 (2d Cir. 1988) (an attorney may not be found to have acted in bad faith when he or she has relied on a "client's statements as to factual claims when those statements are objectively reasonable."), rev'd in part on other grounds sub nom. *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 110 (1989).

Here, the Court stated that Mrs. Jimenez's statements are "entirely unsupported by any other evidence in the record."  *See* Opinion and Order, Docket Entry No. 131 at p. 16.  This is, respectfully, not the case, and the Court has failed to resolve all doubts in favor of the undersigned.

In fact, Mrs. Jimenez's affidavit is supported by the Sprint Report which states that there were two telephone calls to 9-1-1 where assistance was requested for a woman who was diabetic and had fallen in her bathroom.  *See* Docket Entry No. 112-9; Declaration in Opposition, Docket Entry No. 128 at ¶ 10.  Mrs. Jimenez's statements were supported by the fact that the Domestic Incident Report contains key errors that would not have been present had she talked with members of the NYPD.  *See* Domestic Incident Report, Docket Entry No. 112-11; Declaration in Opposition, Docket Entry No. 128 at ¶ 10.  Mrs. Jimenez's statements were also supported by the fact that the

attorney for the Mount Sinai Defendants confirmed that there was no interpreter present at the hospital.  *See* Transcript from December 15, 2015, Conference, Docket Entry No. 75 at pp.13:11-14:3; Declaration in Opposition, Docket Entry No. 128 at ¶ 11.

Furthermore, the undersigned was not limited, as the Court suggests, to only what is in the record when determining whether it was objectively reasonable to rely on Mrs. Jimenez's affidavit. The undersigned outlined several other bases for his objectively reasonable basis for relying on Mrs. Jimenez's statements.  *See* Declaration in Opposition, Docket Entry No. 128 at ¶¶ 10 – 15.

The Court's failure to resolve any doubts related to Mrs. Jimenez's statements in favor of the undersigned was clear error.  Given that there is evidence of objective reasonableness for the reliance on Mrs. Jimenez's statements, sanctions were not warranted even if her statements were suspect.  *See Optical Commc'ns Grp., Inc.*, 938 F.Supp. 2d at 465 (S.D.N.Y. 2013) (denying motion for sanctions and holding "we cannot conclude that it was objectively unreasonable for counsel to rely on [the plaintiff's] representations, as suspect as they may be").

**CONCLUSION**

For all the foregoing reasons, Mr. Jimenez and the undersigned respectfully request that the Court grant the relief sought herein, as well as such other and further relief as the Court may deem just and necessary.

Dated: New York, New York
      December 23, 2015

                                   /s/
                                   Gregory P. Mouton, Jr., Esq.
                                   Law Office of Gregory P. Mouton, Jr., LLC
                                   *Counsel for Plaintiff*
                                   305 Broadway, 14th Floor
                                   New York, NY  10007
                                   Phone & Fax: (646) 706-7481

9

14 Civ. 2994 (SAS) (FM)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PATRICIO JIMENEZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE JAMES QUILTY, DETECTIVE MIGUEL LOPEZ,
and JOHN/JANE DOE # 1,

Defendants.

---

MEMORANDUM OF LAW IN SUPPORT

---



**LAW OFFICE OF GREGORY P. MOUTON, JR., LLC**
Gregory P. Mouton, Jr., Esq., *Principal*
305 Broadway, 14th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481