UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIO JIMENEZ,

Plaintiff,

- against -

No. 14 Civ. 2994 (SAS)

THE CITY OF NEW YORK, DETECTIVE
JAMES QUILTY, DETECTIVE MIGUEL
LOPEZ, and JOHN/JANE DOE #1,

Defendants.

## DEFENDANTS' RESPONSE TO THE MOTION TO RECONSIDER

**ZACHARY W. CARTER**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendants City of New York, Quilty and Lopez*
100 Church Street
New York, New York 10007

By: Tobias E. Zimmerman
*Senior Counsel*
Special Federal Litigation Division
(212) 356-2661

# TABLE OF CONTENTS

**Page**

**ARGUMENT** ........................................................................................... 2

POINT I: THE COURT DID NOT COMMIT "CLEAR ERROR" BY
CONSIDERING DEFENDANTS' MOTION FOR FEES AND
SANCTIONS ON THE MERITS .............................................2

    A. Defendants' Fee Motion Was Timely .................................................... 2

    B. The Federal Rules Support The Defendants' Position On When|
"Entry Of Judgment" Occurred And The Deadline On Their
Motion For Attorneys' Fees Began To Run ........................................... 3

        1. The Relevant Historical Context Of The Federal Rules Of
Civil Procedure ............................................................................ 4

        2. Rule 54(a) Did Not Convert The Summary Judgment
Opinion And Order Into A "Judgment" Or Make It An
Order "From Which An Appeal Lies" ......................................... 5

        3. Rule 54(b) Does Not Apply ........................................................ 7

        4. Rule 58(a) Requires Entry Of Judgment As A Separate
Document ..................................................................................... 8

        5. The Summary Judgment Opinion And Order Was Not
Appealable Without The Separate Document Entered By
The Clerk .................................................................................... 9

        6. Plaintiff's Counsel Induced This Court To Accept His
Erroneous Legal Argument By Relying On Overruled
And Inapposite Authorities ........................................................ 11

    C. Even If Defendants' Fee Motion Was Untimely Under Rule
54(d)(2)(B), That Would Only Affect The Fees Awarded Under
42 U.S.C. § 1988 .................................................................................. 15

POINT II: THE COURT HAS AMPLE AUTHORITY – AND JUSTIFICATION –
TO SANCTION PLAINTIFF'S COUNSEL FOR HIS CONDUCT IN
THIS LITIGATION ............................................................................... 16

POINT III: THE COURT HAS JURISDICTION TO DECIDE THE MOTION TO
RECONSIDER AND ANY APPEAL FROM THE FEE ORDER IS
STAYED ................................................................................................ 19

**CONCLUSION** ......................................................................................... 21

**Page(s)**

**FEDERAL CASES**

Bowers v. Rector & Visitors of the Univ. of Va.
  2007 U.S. Dist. LEXIS 75064 (W.D. Va.) .............................................................17

Calloway v. Marcell Entertainment Grp.
  854 F.2d 1452 (2d Cir. 1988)...........................................................................16, 18

Ceder Creek Oil & Gas Co. v. Fidelity Gas Co.
  238 F.2d 298 (9th Cir. 1956) ...............................................................................8

Cohen v. Beneficial Indus. Loan Corp.
  337 U.S. 541 (1949)...........................................................................................14

Cooper v. Town of E. Hampton
  83 F.3d 31 (2d Cir. 1996)................................................................................9, 10

Coopers & Lybrand v. Livesay
  437 U.S. 463 (1978)...........................................................................................14

Johnson v. Radio City Prods., No. 97 Civ. 4099 (JSR)
  1998 U.S. Dist. LEXIS 9234 (S.D.N.Y.)..............................................................17

Kanematsu-Gosho, Ltd. v. M/T Messiniaki Aigli
  805 F.2d 47 (2d Cir. 1986)..................................................................................10

Locurto v. Safir
  264 F.3d 154 (2d Cir. 2001)...........................................................................14, 15

Marine Midland Bank, N.A. v. Goyak, No. 84 Civ. 1204 (EW)
  1984 U.S. Dist. LEXIS 14997 (S.D.N.Y.)............................................................17

Muhammad v. Walmart Stores E., L.P.
  732 F.3d 104 (2d Cir. 2013).................................................................................17

Optical Comms. Grp., Inc. v. M/V Ambassador
  938 F. Supp. 2d 449 (S.D.N.Y. 2013)..................................................................16

Perez v. AC Roosevelt Food Corp.
  734 F.3d 175 (2d Cir. 2013)...........................................................................3, 10

Pure Oil Co. v. Boyne
  370 F.2d 121 ......................................................................................................12

R.R. Vill. Ass'n v. Denver Sewer Corp.
  826 F.2d 1197 (2d Cir. 1987)..............................................................................10

Page(s)

Rinieri v. News Syndicate Co.
   385 F.2d 818 (2d Cir. 1967) ............................................................. 13, 14

Ritani, LLC v. Aghjayan, No. 11 Civ. 8928 (RWS)
   970 F. Supp. 2d 232 (S.D.N.Y. Sept. 9, 2013) ........................... 10, 13, 14

Schlaifer Nance & Co. v. Estate of Warhol
   194 F.3d 323 (2d Cir. 1999) ..................................................................... 16

United States v. F. & M. Schaefer Brewing Co.
   356 U.S. 227 (1958) ........................................................................ passim

United States v. Indrelunas
   411 U.S. 216 (1973) ............................................................................ 9, 13

Warshay v. Guinness Plc
   750 F. Supp. 628 (S.D.N.Y. 1990) ......................................................... 17

Weinstock v. Cleary, Gottlieb, Steen & Hamilton
   16 F.3d 501 (2d Cir. 1994) ........................................................................ 3

Zadig v. Aetna Ins. Co.
   42 F.2d 142 (2d Cir. 1930) ...................................................................... 13

**STATUTES**

28 U.S.C. § 1291 .......................................................................................... 14

28 U.S.C. § 1927 .......................................................................................... 15

42 U.S.C. § 1988 ............................................................................... 2, 15, 16

**RULES**

1912 Equity Rule LXXI ................................................................................. 6

Fed. R. App. P. 4(a) ............................................................................. passim

Fed. R. Civ. P. 1 ............................................................................................. 4

Fed. R. Civ. P. 2 ............................................................................................. 5

Fed. R. Civ. P. 11 ......................................................................... 15, 16, 17, 18

Fed. R. Civ. P. 54 ................................................................................. passim

Fed. R. Civ. P. 56 ............................................................................. 15, 16, 17

Fed. R. Civ. P. 58 ................................................................................. passim

# TABLE OF AUTHORITIES
### (cont.)

Page(s)

Fed. R. Civ. P. 60 ..................................................................................................3, 20

Fed. R. Civ. P. 62 .......................................................................................................8

Fed. R. Civ. P. 73 .....................................................................................................12

Fed. R. Civ. P. 79 ........................................................................................4, 7, 9, 12

Local Civil Rule 6.3 ..................................................................................................20

## OTHER AUTHORITIES

10 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2651 (2014) .................5, 6

11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2781 (2012)..................8, 9

Benjamin Kaplan, *Amendments of the Federal Rules of Civil Procedure, 1961-1963 (II)*, 77 Harv. L. Rev. 801 (1964) .....................................................................9

THE NEW FEDERAL EQUITY RULES (James Love Hopkins, anno., The W.H. Anderson Co. 1913) ...............................................................................................5

Stephen Subrin, *How Equity Conquered Common Law: The Federal Rules of Civil Procedure In Historical Perspective*, 135 U. Pa. L. Rev. 909 (1987) .............................4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIO JIMENEZ,

Plaintiff,

No. 14 Civ. 2994 (SAS)

- against -

THE CITY OF NEW YORK, DETECTIVE
JAMES QUILTY, DETECTIVE MIGUEL
LOPEZ, and JOHN/JANE DOE #1,

Defendants.

## DEFENDANTS' RESPONSE TO THE MOTION TO RECONSIDER

Pursuant to the Court's Order dated December 24, 2015 (ECF No. 134), Defendants City of New York, Detective James Quilty, and retired Detective Miguel Lopez (collectively "Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this response to the motion to reconsider dated December 23, 2015 (ECF Nos. 132 & 133). As set forth below, Plaintiff cannot establish any "clear error" by the Court that would warrant reconsideration of the Order dated December 9, 2015 (ECF No. 131) ("the Fee Order"), in which the Court correctly held that Defendants are entitled to recover a portion of their attorneys' fees from both Plaintiff and Plaintiff's counsel Gregory P. Mouton, Jr.[1] Defendants therefore respectfully request that the motion to reconsider be denied.

---

[1] The motion to reconsider was brought by both Plaintiff Patricio Jimenez and Plaintiff's counsel, Gregory P. Mouton, Jr. See Memorandum of Law ("Pl.'s Mem."), ECF No. 133 at 1. On January 7, 2016, two attorneys with the firm Pollack, Pollack, Isaac & DeCicco, LLP, filed Notices of Appearance on behalf of Plaintiff, Patricio Jimenez (see ECF Nos. 136 & 138), and have also filed a Notice of Appeal purporting to be on behalf of both Plaintiff and Plaintiff's original counsel, Gregory P. Mouton, Jr. (see ECF No. 137). For the sake of convenience Defendants' refer to the motion to reconsider herein as "Plaintiff's motion" and any unqualified references to "Plaintiff's counsel" should be understood to refer to Mr. Mouton, who was Plaintiff's sole
(continued)

**ARGUMENT**

**POINT I**
**THE COURT DID NOT COMMIT "CLEAR ERROR" BY CONSIDERING DEFENDANTS' MOTION FOR FEES AND SANCTIONS ON THE MERITS**

The first two sections of Plaintiff's motion attack the same portion of the Fee Order, arguing that the Court erred when it reached the merits of Defendants' motion for fees and sanctions (ECF Nos. 124 through 126) ("the Fee Motion") because that motion was untimely by one day. See Pl.'s Mem. at 2-6. Plaintiff is simply not correct on this point of law. Moreover, even if Plaintiff was right on this point, it would only affect that portion of the Court's Order that granted fees under 42 U.S.C. § 1988, and would not relieve Plaintiff's counsel of the sanctions levied against him personally.

**A.    Defendants' Fee Motion Was Timely**

The Court's Opinion and Order granting Defendants' motion for Summary Judgment (ECF No. 122) ("the Summary Judgment Opinion and Order") was dated Thursday September 24, 2015, and appeared on the Electronic Case Filing (ECF) system that same day. The following day, Friday September 25, 2015, pursuant to Rules 58 and 79 of the Federal Rules of Civil Procedure, the Clerk of the Court entered onto the docket a separate document entitled "Judgment" (ECF No. 123). Defendants filed their Fee Motion on Friday October 9, 2015 – fourteen days after the Clerk's entry of judgment. Plaintiff argues that the deadline set by Rule 54(d)(2)(B)(i) was triggered by the appearance of the Summary Judgment Order and Opinion on ECF, and that Defendants' Fee Motion was therefore late by one day. But the relevant rules make clear that the separate document required by Rule 58(a) – i.e., the Clerk's Judgment – was a necessary prerequisite to the Court's Summary Judgment Opinion and Order becoming an "or-

_____

counsel of record throughout this litigation, and who was the subject of the sanctions levied in the Fee Order.

der from which an appeal lies" (Fed. R. Civ. P. 54(a)), and it was therefore the action of the Clerk on September 25, 2015, that completed "entry of judgment" and started the 14-day clock for any post-judgment motions made under Rule 54(d)(2)(B)(i).

As specifically set forth in the Advisory Committee notes to Rule 58 of the Federal Rules of Civil Procedure, when judgment is not entered in the form of the separate document required by Rule 58(a), "the time for making motions under Rule[] . . . 54(d)(2)(B) . . . *never begins to run*." Fed. R. Civ. P. 58 2002 Advisory Committee's Note (emphasis added). See also Perez v. AC Roosevelt Food Corp., 734 F.3d 175, 176-77 (2d Cir. 2013) ("Where a separate document is required [by Fed. R. Civ. P. 58], entry occurs . . . [when] 'the judgment or order is set forth on a separate document.'" (quoting Fed. R. App. P. 4(a)(7)(A)(ii)). It should therefore be beyond cavil that it was the Clerk's entry of judgment on September 25, 2015, that triggered the 14-day deadline, and that Defendants' Fee Motion, filed 14 days later on Friday October 9th, was therefore timely. The Court's consideration of that motion on its merits could not, therefore, have been "clear error", and the award of fees and sanctions should not be disturbed.[2]

To ensure that there is no further confusion over this procedural issue, Defendants endeavor below to provide the Court with a comprehensive analysis of the relevant rules.

**B. The Federal Rules Support The Defendants' Position On When| "Entry Of Judgment" Occurred And The Deadline On Their Motion For Attorneys' Fees Began To Run**

Plaintiff has accused the undersigned attorney, by name, of an "inability or refusal to read and comprehend the plain language of the federal rules." Pl.'s Mem. at 4 (quoting Weinstock v.

---

[2] Defendants urge the Court to amend the Fee Order to the extent necessary to correct the fundamental error of law that was urged upon the Court by Plaintiff's counsel's misrepresentation of the case law, as discussed in § I.B.6, infra. See Fed. R. Civ. P. 60(a) (authorizing correction of a "mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.").

<u>Cleary, Gottlieb, Steen & Hamilton</u>, 16 F.3d 501, 503 (2d Cir. 1994)). But it is Plaintiff's counsel who has misunderstood, misapplied, and misrepresented not only the rules, but also the judicial opinions he cited in the opposition to the Fee Motion. Specifically, in reaching the erroneous conclusion that publication of the Summary Judgment Opinion and Order on ECF constituted "entry of judgment" under Rule 54(d)(2)(B)(i), Plaintiff's counsel misreads Rule 54(a), misapplies Rule 54(b), ignores Rule 58, overlooks Rule 79 of the Federal Rules of Civil Procedure, and also neglects to consider Rule 4(a) of the Federal Rules of Appellate Procedure.

A careful analysis of the Federal Rules of Civil Procedure, including a brief account of their history, shows that Rules 54 and 58 were specifically intended to eliminate precisely the uncertainty that Plaintiff has managed to introduce in this case. Under the present-day form of the rules, "entry of judgment" is almost always effected when the Clerk dockets the "separate document" required by Rule 58. While there are exceptions to when a separate document is required to effect "entry of judgment," (<u>see</u>, <u>e.g.</u>, <u>infra</u> at § I.B.4), the Court's Summary Judgment Opinion and Order did not fall within one of those clearly defined exceptions, and it therefore required the Clerk's entry of judgment to become an appealable order and to trigger post-judgment motions.

### 1. The Relevant Historical Context Of The Federal Rules Of Civil Procedure

The Federal Rules of Civil Procedure were adopted in 1938 to "govern the procedure in all civil actions and proceedings in the United States district courts. . . ." Fed. R. Civ. P. 1. The Federal Rules replaced and, in many instances, incorporated the older Equity Rules that had previously codified the procedures used in many of the cases heard by the federal courts.[3] Follow-

---

[3] More precisely, the Federal Rules of Civil Procedure are, to some extent, based on the 1912 version of the Federal Equity Rules that they supplanted. <u>See</u> <u>generally</u> Stephen Subrin, *How* (continued)

ing the merger of law and equity, under the Federal Rules of Civil Procedure "[t]here is one form of action—the civil action." Fed. R. Civ. P. 2. This history is relevant to any proper understanding of the language of Rule 54(a), which is the basis for Plaintiff's erroneous belief that the Summary Judgment Opinion and Order, by itself, started the clock running on Defendants' Fee Motion.

### 2. *Rule 54(a) Did Not Convert The Summary Judgment Opinion And Order Into A "Judgment" Or Make It An Order "From Which An Appeal Lies"*

Rule 54(a) was originally intended to clarify an issue of terminology related to the merger of law and equity, and cannot be read, as Plaintiff reads it, to supersede the other parts of the federal rules – particularly Rule 58 – that define what constitutes "entry of judgment."

Most of the language currently found in Rule 54 – entitled "Judgment; Costs" – was included in the 1938 version of the Federal Rules of Civil Procedure, although subsection 54(d)(2)(B) is a relatively recent addition. <u>See</u> <u>generally</u> Fed. R. Civ. P. 54 1993 Advisory Committee's Notes. Prior to the merger of law and equity, "a federal court in an equity suit rendered a 'decree' and an action at law resulted in the entry of a 'judgment.'" 10 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2651, at pp. 6-7 (2014). Rule 54(a) was included in the 1938 enactment of the Federal Rules of Civil Procedure to harmonize the different terminologies used in law and equity under the new unified form of "civil action" (Fed. R. Civ. P. 2) by clarifying that "a judgment at law and a decree in equity are to be treated in the same fashion." 10 WRIGHT, ET AL., FED. PRAC. & PROC. § 2651, at p. 7.

---

*Equity Conquered Common Law: The Federal Rules of Civil Procedure In Historical Perspective*, 135 U. Pa. L. Rev. 909 (1987). The 1912 Equity Rules were, themselves, the third major codification of civil procedure promulgated by the Supreme Court, following earlier versions in 1822 and 1843. See THE NEW FEDERAL EQUITY RULES xi (James Love Hopkins, anno., The W.H. Anderson Co. 1913).

Unfortunately, as the obsolete distinction between courts of law and equity fades from memory, Rule 54(a) becomes more likely to cause, rather than prevent, confusion resulting from the vernacular of modern civil practice. As Professors Wright, Miller and Kane describe, Rule 54(a) either contributes to, or at least does not account for, two subtle distinctions in modern procedural terminology:

> Although it is not specifically described in the rule itself, there are several different stages that lead to the creation of a judgment that is final and appealable. It is important to differentiate the various steps that are part of this process. The first distinction that should be drawn is between the adjudication, either by a decision of the court or a verdict of the jury, and the judgment that is entered thereon. *The terms "decision" and "judgment" are not synonymous under the federal rules.* The decision consists of the court's findings of fact and conclusions of law; the rendition of judgment is the pronouncement of that decision and the act that gives it legal effect.
>
> A second distinction that should be noted is between the judgment itself and the "filing" or the "entry" of the judgment. A judgment is the final determination of an action and thus has the effect of terminating the litigation. It is said to be "the act of the court." "Filing" simply refers to the delivery of the judgment to the clerk for entry and preservation. *The "entry" of judgment is the ministerial notation of the judgment by the clerk of the court pursuant to Rule 58.* Entry by the clerk is crucial to the effectiveness of the judgment and *for measuring the time periods for appeal and the filing of various post-trial motions.* On the other hand, the mere entry of a notation by the clerk under Rule 58 does not create a judgment unless the court intended it to have that effect."

10 WRIGHT, ET AL., FED. PRAC. & PROC. § 2651, at pp. 8-12 (citations omitted, emphasis added).

Plaintiff ignores these important procedural nuances in a way that fails to give effect to Rule 58.

The first "distinction" described by Professors Wright, Miller and Kane is reflected in the second sentence of Rule 54(a), which was "derived substantially from [former] Equity Rule 71 (Form Decree)." Fed. R. Civ. P. 54 1937 Advisory Committee's Note to Subdivision (a) (brackets in the original).[4] In essence, that sentence of Rule 54(a) describes the equity practice of issu-

---

[4] Compare Fed. R. Civ. P. 54(a) ("A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings.") with Equity Rule 71 ("In drawing up decrees and (continued)

ing a succinct "decree" summarizing the specific action of the court—a practice that is continued under the separate document requirement of Rule 58, as discussed further below. To the extent it affects this analysis at all, the second sentence of Rule 54(a) is further evidence that the 22-page Summary Judgment Opinion and Order, which included a "recital of the pleadings" and a "record of prior proceedings," should not be considered a "judgment" under the language of Rule 54.

The second distinction discussed above, between "filing" and "entry", is important because the 14-day clock for Defendants' Fee Motion was triggered by "the *entry* of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i) (emphasis added). Therefore, in order for Plaintiff to be right, and Defendants wrong, not only does the Court have to find that the Summary Judgment Opinion and Order standing alone was a "judgment" under Rule 54(a), but also that the publication of that order on ECF on September 24, 2015, amounted to its "entry". Rule 79, which governs the actions of the Clerk of the Court, makes it clear that "filing" and "entry" are two distinct acts. See Fed. R. Civ. P. 79(a)(2). The distinction can perhaps best be summed up by the observation that many people "file" things in federal court, but only the Clerk of the Court is legally authorized to "enter" something onto the docket of a case, even though ECF has largely automated the process by which the Clerk carries out that function.

### 3. Rule 54(b) Does Not Apply

Plaintiff purports to rely on Rule 54(b) for no clearly discernible reason. See Pl.'s Mem. at 1-2. Rule 54(b) strictly applies in "piecemeal litigation" – i.e., when an order or decision "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed.

---

orders, neither the bill, nor answer, nor pleadings, nor any part thereof, nor the report of any master, nor any other prior proceeding, shall be recited or stated in the decree or order; but the decree and order shall begin, in substance, as follows: . . . [setting forth a form decree]") (available in THE NEW FEDERAL EQUITY RULES, supra at n. 3, at pp. 193-94).

R. Civ. P. 54(b). Because the Court's Summary Judgment Opinion and Order disposed of *all* remaining claims against *all* remaining Defendants, Rule 54(b) is inapposite on its face. As discussed in section I.B.6, <u>infra</u>, one of the two cases that Plaintiff relied on, to the extent it even reached a valid conclusion of law, was inapplicable in this instance because it specifically dealt with a Fee Motion that was predicated on an interlocutory order that had dismissed some, but not all, of the claims at issue at the pleading stage.

### 4. *Rule 58(a) Requires Entry Of Judgment As A Separate Document*

Plaintiff undertook to convince the Court that the Summary Judgment Opinion and Order constituted "entry of judgment" without once referring to the rule specifically entitled "Entry of Judgment." <u>See</u> Fed. R. Civ. P. 58. As a result, he reached the wrong conclusion about what Rule 54(d)(2)(B)(i) means when it refers to "entry of judgment."

"Rule 58 is intended to resolve 'the old, old question of when is a judgment a judgment.'" 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2781, at p.5 (2012) (quoting <u>Ceder Creek Oil & Gas Co. v. Fidelity Gas Co.</u>, 238 F.2d 298 (9th Cir. 1956)). This question "is of great importance in litigation" because so many rights and obligations are affected by "precisely what the judgment is and when it was entered." 11 WRIGHT, ET AL., FED. PRAC. & PROC. § 2781, at p.5 (referencing Fed. R. Civ. P. 54(a)). In addition to the time for post-judgment motions, such as Defendants' Fee Motion, the timing of a judgment also affects the time of execution (<u>see</u>, <u>e.g.</u>, Fed. R. Civ. P. 62(a)), as well as the calculation of post-judgment interest. Most importantly, however, is "the fact that the time for appeal runs from entry of the judgment." 11 WRIGHT, ET AL., FED. PRAC. & PROC. § 2781, at p.8 (citations omitted).

Under the rule as it existed prior to 1963, difficulties with understanding when entry of judgment had occurred arose "chiefly where the court had written an opinion or memorandum containing some apparently directive or dispositive words, e.g., 'the plaintiff's motion [for sum-

mary judgment] is granted.'" Fed. R. Civ. P. 58 1963 Advisory Committee's Note (citing <u>United States v. F. & M. Schaefer Brewing Co.</u>, 356 U.S. 227, 229 (1958)) (brackets in the original);[5] <u>compare</u> S.J. Op. & Order at 24. The 1963 amendment sought to "enhance[] certainty by insisting on a formality." Benjamin Kaplan, *Amendments of the Federal Rules of Civil Procedure, 1961-1963 (II)*, 77 Harv. L. Rev. 801, 831 (1964).[6] The formality insisted upon was that every judgment "must be set forth in a separate document" and entered in the docket as provided in Rule 79(a). 11 WRIGHT, ET AL., FED. PRAC. & PROC. § 2781, at p.10. Knowing when entry of judgment occurs is so important that a unanimous Supreme Court ruled that the separate document requirement "must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." <u>United States v. Indrelunas</u>, 411 U.S. 216, 222 (1973) (per curiam); <u>see</u> also <u>Cooper v. Town of E. Hampton</u>, 83 F.3d 31, 33-34 (2d Cir. 1996) ("The reason for adhering to the formalism of the separate document requirement is to avoid confusion as to when the clock starts for the purpose of an appeal." (citations omitted)).

Thus, in its present form, Rule 58 answers the "old, old question" by "provid[ing] that a judgment is effective only when set forth on a separate document and entered as provided in Rule 79(a)." Fed. R. Civ. P. 58 2002 Advisory Committee's Note.

### 5. The Summary Judgment Opinion And Order Was Not Appealable Without The Separate Document Entered By The Clerk

Plaintiff argues that the Summary Judgment Opinion and Order triggered the time for Defendants' Fee Motion because that decision by the Court was "an order from which an appeal lies" and therefore constituted a "judgment as defined by Rule 54." Pl.'s Opp to Fee Mtn. (ECF

---

[5] <u>See</u>, <u>infra</u> at § I.B.6, for further discussion of <u>Schaefer Brewing</u>, which Plaintiff cited on page 2 of his opposition to the Fee Motion (ECF No. 129).

[6] Professor Kaplan was the Reporter for the Advisory Committee on Civil Rules at the time of the 1963 Amendments. <u>See</u> 11 WRIGHT, ET AL., FED. PRAC. & PROC. § 2781 at n.11.

No. 129) at 2 (citing <u>Ritani, LLC v. Aghjayan</u>, No. 11 Civ. 8928 (RWS), 970 F. Supp. 2d 232, 267 (S.D.N.Y. Sept. 9, 2013)).  But Appellate Rule 4(a)(7)(A)(ii) makes it clear that *no* appeal could have been taken from the Summary Judgment Opinion and Order until *after* the entry of the separate document required by Rule 58(a) of the Federal Rules of Civil Procedure (or, the elapse of 150 days had the Clerk never entered the separate "Judgment" at ECF No. 123).

> [Appellate] Rule 4(a)(1)(A) provides that a notice of appeal "must be filed . . . within 30 days after entry of the judgment or order appealed from." Entry of a judgment or order, "for purposes of this Rule 4(a)," depends upon whether Federal Rule of Civil Procedure 58(a) requires "a separate document." Fed. R. App. Pro. 4(a)(7).  Where a separate document is required, entry occurs "when the judgment or order is entered in the civil docket" and either 150 days have passed or "the judgment or order is set forth on a separate document." Fed. R. App. Pro. 4(a)(7)(A)(ii).  Where a separate document is not required, the judgment or order is considered to have been entered "when the judgment or order is entered in the civil docket." Fed. R. App. Pro. 4(a)(7)(A)(i).

<u>Perez</u>, 734 F.3d at 176-77; <u>see also</u> <u>Cooper</u>, 83 F.3d at 33-34 (collecting cases for the proposition that "the time for appeal does not start running until [the] separate document is entered." (quoting <u>Kanematsu-Gosho, Ltd. v. M/T Messiniaki Aigli</u>, 805 F.2d 47, 48 (2d Cir. 1986))); <u>R.R. Vill. Ass'n v. Denver Sewer Corp.</u>, 826 F.2d 1197, 1200-01 (2d Cir. 1987) (collecting cases and concluding that "a 14-page opinion that stated 'So Ordered' at the end . . . did not satisfy the separate-document requirement. That requirement was satisfied by entry of the . . . judgment.").  Thus, had Plaintiff attempted to file a notice of appeal from the Court's Summary Judgment Opinion and Order *prior* to the Clerk of the Court's entry of the separate document at ECF No. 123, that notice would have been automatically stayed until *after* the judgment was completed by either entry of the separate document or the expiration of 150 days.  <u>See</u> Fed. R. App. P. 4(a)(2) ("Filing Before Entry of Judgment.  A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.").  In the language of Appellate Rule 4(a)(2), the Court's Summary Judgment

Opinion and Order "announced" its decision; that decision was "entered" by the Clerk's "Judgment" the following day.

The Appellate Rules and the decisions of the Second Circuit Court of Appeals could not be more clear: the Summary Judgment Opinion and Order was not an "order from which an appeal lies" – and therefore would not have initiated the time for Defendants' Fee Motion – until after the Clerk's entry of judgment on Friday September 25, 2015.  The relationship between the separate document issued by the Clerk and commencement of the parties' time to file a notice of appeal is so obvious that, at least in this district, the Clerk of the Court includes the standard notice of appeal form with instructions to litigants on "How to Appeal Your Case to the Second Circuit Court of Appeals" with every judgment entered in the form of a separate document under Rule 58(a).  See, e.g., ECF Nos. 123-1 and 123-2.

6. *Plaintiff's Counsel Induced This Court To Accept His Erroneous Legal Argument By Relying On Overruled And Inapposite Authorities*

Plaintiff's counsel misrepresented the two cases he primarily relied on; any fair reading of the rules and case law in this area should have informed any reasonable practitioner that the position he was advancing could not be supported under existing law.

First, Plaintiff's counsel quoted <u>United States v. F. & M. Schaefer Brewing Co.</u>, 356 U.S. 227 (1958) for the proposition that "Where an order clearly indicates 'the judge's intention that it shall be his final act in the case[,] * * * it constitutes his final judgment."  Pl.'s Opp to Fee Mtn. (ECF No. 129) at 2.[7]  However, the sentences immediately preceding and following the selected

---

[7] This 'quote' is reproduced verbatim from Plaintiff's brief, where it appeared in a parenthetical to the citation to <u>Schaefer Brewing</u>.  However, it actually appears to have been copy-pasted from another source that was, itself, quoting from <u>Schaefer Brewing</u>, since this exact sequence, including the unpaired single-quotation mark before the words "the judge's" does not appear in the <u>Schaefer Brewing</u> decision itself.  Moreover, the portion of <u>Schaefer Brewing</u> that this appears to (continued)

language, which Plaintiff's counsel deliberately omitted from his analysis, make clear that the Court was performing its analysis under Rule 58 of the Federal Rules of Civil Procedure. The entire portion of <u>Schaefer Brewing</u> that Plaintiff's counsel appears to have been trying to rely on is as follows:

> While an opinion may embody a final decision, the question whether it does so depends upon whether the judge has or has not clearly declared his intention in this respect in his opinion. Therefore, when, as here, the action is for money only – whether for a liquidated or an unliquidated amount, as Rule 58 makes no such distinction – it is necessary to determine whether the language of the opinion embodies the essential elements of a judgment for money and clearly evidences the judge's intention that it shall be his final act in the case. If it does so, it constitutes his final judgment and, under Rule 58, it "directs that a party recover [a sum of] money," and, "upon receipt by [the clerk] of the [opinion]," requires him to "enter judgment forthwith" against the party found liable for the amount awarded, which is to be done by making a brief "notation of [the] judgment in the civil docket [showing the substance of the judgment of the court] as provided by Rule 79(a)." When all of these elements clearly appear final judgment has been both pronounced and entered, and the time to appeal starts to run under the provisions of Rule 73(a).

<u>Schaefer Brewing</u>, 356 U.S. at 232-33 (brackets in the original). Thus, the holding in <u>Schaefer Brewing</u> was an application of Rule 58 *as it then existed*. When the rule was amended in 1963, the amendment was expressly aimed at precisely the type of "difficulty [that had] arisen" under the old form of the rule; a difficulty that the Advisory Committee identified by *specifically citing to* <u>Schaefer Brewing</u>. <u>See</u> Fed. R. Civ. P. 58 1963 Advisory Committee's Note; <u>see</u> <u>also</u>, <u>supra</u>, at note 5 and accompanying text. <u>Cf.</u> <u>Pure Oil Co. v. Boyne</u>, 370 F.2d 121, 122 n.2 and accompanying text (5th Cir. 1966) (saying that "[t]he effect of new Rule 58 upon the cases cited by Pure Oil [including <u>Schaefer Brewing</u>] is made clear by the [1963] Notes of the Advisory Committee. . . .").

---

be attempting to quote appears on pages 232-233 of that decision, not at the location cited by Plaintiff's counsel.

Any possible doubt that <u>Schaefer Brewing</u> is no longer good law – and has not been for more than 50 years – could also have been resolved by reference to the more recent opinion in <u>Indrelunas</u>, where the Supreme Court *specifically cited* <u>Schaefer Brewing</u> as exemplifying the "considerable uncertainty over what actions of the District Court would constitute an entry of judgment, and occasional grief to litigants as a result of this uncertainty" under the old form of Rule 58. <u>Indrelunas</u>, 411 U.S. at 220. It was in order to avoid precisely the type of uncertainty embodied in <u>Schaefer Brewing</u> that the Supreme Court insisted that the separate document requirement of Rule 58 be "mechanically applied." <u>Id.</u> at 222.

The second opinion that Plaintiff's counsel relied on as support for his erroneous conclusions, <u>Ritani, LLC v. Aghjayan</u>, was clearly inapposite. Insofar as <u>Ritani</u> even reached the question of timing under Rule 54(d)(2)(B), it only did so as a second alternative ground for denying the motion at issue, and in doing so focused only on whether dismissal of a claim without prejudice constitutes a "final order from which an appeal lies." <u>Ritani</u>, 970 F. Supp. 2d at 267 (quoting <u>Rinieri v. News Syndicate Co.</u>, 385 F.2d 818, 821 (2d Cir. 1967), which was itself quoting <u>Zadig v. Aetna Ins. Co.</u>, 42 F.2d 142 (2d Cir. 1930)). It should be readily apparent, just from the dates of the cited decisions, that those cases have nothing to do with the separate document rule under Rule 58 as amended in 2002.

In this case, the Summary Judgment Opinion and Order disposed of all remaining claims against all remaining parties; but Plaintiff's counsel urged this Court to accept his construction of the term "entry of judgment" based strictly on a case that sought to apply Rule 54 to an order that dismissed only some of the claims against some of the parties. Even the dicta portion of <u>Ritani</u>, which apparently reaches an inaccurate conclusion of law, does not support the breadth of

the proposition for which it is offered. Any reasonably careful reading of <u>Ritani</u> should have put counsel on notice that the case simply does not support such a broad proposition of law.

Plaintiff's counsel offered only two additional citations to support his campaign to read Rule 58 straight out of the Federal Rules of Civil Procedure; however, neither of those cases advances his cause. First, <u>Rinieri</u>, 385 F.2d 818 is included as part of the authority underlying the misstated holding of <u>Ritani</u>. <u>See</u> Pl.'s Opp to Fee Mtn. (ECF No. 129) at 2. But the cited portion of <u>Rinieri</u> addressed only whether a court of appeals has jurisdiction over a decision that dismissed a claim without prejudice. There was no discussion of Rule 58 in <u>Rinieri</u>, and no part of that decision can be read to supersede the separate document requirement.

Plaintiff's counsel also quotes <u>Locurto v. Safir</u>, 264 F.3d 154, 162 (2d Cir. 2001) for the conclusory proposition that "an appeal lies only from a final judgment of a district court." Pl.'s Opp to Fee Mtn. (ECF No. 129) at 2. However, he only manages to achieve that vague (and uncontroversial) statement by intentionally omitting the qualifying language of the very sentence he quotes. In context, the quote reads as follows:

> *Ordinarily*, an appeal lies only from a final judgment of a district court, since federal law limits appellate jurisdiction to review of "final decisions" of that court. 28 U.S.C. § 1291 (1994). Under the collateral order doctrine, the Supreme Court has ruled that the term "final decisions" also encompasses that small class of orders "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541, 546 (1949). From that holding, it is clear that an interlocutory order is immediately appealable if it "[1] conclusively determines the disputed question, [2] resolves an important issue completely separable from the merits of the action, and [3] [would] be effectively unreviewable on appeal from a final judgment." <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 468 (1978).

Locurto, 264 F.3d at 162 (emphasis added). In other words, Plaintiff's counsel stripped the qualifying adjective 'ordinarily' in order to make a blanket statement of law appear to be supported by a case that specifically addresses an exception to the very rule he was attempting to espouse.

Plaintiff's counsel has certified to this Court that "to the best of [his] belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and legal contentions" he has urged on the Court were "warranted by existing law. . . ." Fed. R. Civ. P. 11(b)(2). Plaintiff's counsel's failure to point out Rule 58, and his reliance on Schaefer Brewing which was expressly superseded by the amendments to that rule, simply cannot be reconciled with any possible "inquiry reasonable under the circumstances." It seems that, as with the factual allegations that led the Court to impose sanctions in the first place, Plaintiff's counsel simply refuses to take seriously his obligations with respect to the legal contentions he lays before this Court.

### C. Even If Defendants' Fee Motion Was Untimely Under Rule 54(d)(2)(B), That Would Only Affect The Fees Awarded Under 42 U.S.C. § 1988

There is one final provision of the Federal Rules of Civil Procedure that Plaintiff's counsel has either overlooked, misunderstood, or simply hopes that the Court will not notice: Rule 54(d)(2)(E). That rule makes it crystal clear that the other subparts of Rule 54(d)(2) "do not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927." Fed. R. Civ. P. 54(d)(2)(E). Thus, the 14-day deadline that Plaintiff claims was missed applied only to that portion of the Fee Motion that sought fees from Plaintiff Patricio Jimenez under 42 U.S.C. § 1988; the portion of the motion that sought sanctions against Plaintiff's counsel Gregory P. Mouton under 28 U.S.C. § 1927 and Rule 56(h) of the Federal Rules of Civil Procedure was never subject to the deadline at all. Assuming, *arguendo*, that there was any merit to Plaintiff's argument that the Fee Motion was untimely under Rule 54(d)(2)(B)(i), and that the Court therefore truly had committed "clear error" in reaching the merits of the Fee Mo-

tion, correcting that fictitious error would require only reversing that portion of the order that levied attorneys' fees against Plaintiff under 42 U.S.C. § 1988. Plaintiff's specious arguments about the timing of the Defendants' Fee Motion would not affect the portion of the Fee Order that levied attorneys' fees against Plaintiff's counsel as a sanction for violating Rule 56(h).

## POINT II
### THE COURT HAS AMPLE AUTHORITY – AND JUSTIFICATION – TO SANCTION PLAINTIFF'S COUNSEL FOR HIS CONDUCT IN THIS LITIGATION

The final two portions of the motion to reconsider assert that this Court committed "clear error" when it held Plaintiff's counsel personally responsible for his "willful blindness" to the "very likely perjurious" statements made in an affidavit *that he drafted*. Fee Order (ECF No. 131) at 16. In his own defense, he offers the Court only cases decided under different rules, and "facts" that the Court has already considered.

The Court awarded sanctions against Plaintiff's counsel under Rule 56(h) of the Federal Rules of Civil Procedure. See Fee Order (ECF No. 131) at 15-19. That decision was based on the Court's determination that Plaintiff's counsel's conduct "rises to the level of egregious behavior requiring a finding of bad faith." Id. at 19. The Court reached this conclusion in light of its own thorough knowledge of the history of the litigation, including the "facts" offered by Plaintiff's counsel in opposition to the Fee Motion the first time. Nothing offered in the motion to reconsider presents new facts or suggests new arguments that would justify a departure from the Court's previous findings.

Plaintiff's counsel relies on four cases in the motion to reconsider. See Pl.'s Mem. at 6-8. However, none of these cases concerned sanctions under Rule 56(h), or even its precursor, Rule 56(g): Optical Comms. Grp., Inc. v. M/V Ambassador, 938 F. Supp. 2d 449, 465 (S.D.N.Y. 2013) (sanctions sought under Rule 11(b) and 28 U.S.C. § 1927), Calloway v. Marcell Entertainment Grp., 854 F.2d 1452, 1479 (2d Cir. 1988) (Rule 11), Schlaifer Nance & Co. v. Estate of

Warhol, 194 F.3d 323, 340 (2d Cir. 1999) (§ 1927), and Muhammad v. Walmart Stores E., L.P., 732 F.3d 104, 108-09 (2d Cir. 2013) (Rule 11). Accordingly, while those cases may be useful for bringing Rule 11 to the Court's attention, see, e.g., Muhammad, 732 F.3d at 108 (discussing the Court's "power to initiate sanctions proceedings *sua sponte*" under Fed. R. Civ. P. 11(c)(3)), they provide no legitimate basis for disturbing the Fee Order.

In its present form, Rule 56(h) "carries forward Rule 56(g) with three changes." Fed. R. Civ. P. 56 2010 Advisory Committee's Notes to Subdivision (h). One of those changes was to recognize "the authority to impose other appropriate sanctions." Id. By expanding the Court's authority in this way, the rule must be read to grant the Court even greater latitude in issuing sanctions it deems "appropriate." However, even under the old language of the rule, there is authority supporting the Court's decision to award sanctions in these circumstances. See, e.g., Johnson v. Radio City Prods., No. 97 Civ. 4099 (JSR), 1998 U.S. Dist. LEXIS 9234, at *3-4 (S.D.N.Y.) (imposing sanctions under Rule 56(g) for submission of a false affidavit on summary judgment in part to "provide adequate punishment and deterrence"); Warshay v. Guinness Plc, 750 F. Supp. 628, 640-41 (S.D.N.Y. 1990) (imposing sanctions under Rule 56(g) on party and attorney, jointly and severally, for submission of a misleading affidavit); Marine Midland Bank, N.A. v. Goyak, No. 84 Civ. 1204 (EW), 1984 U.S. Dist. LEXIS 14997, at *13-15 (S.D.N.Y.) (imposing sanctions under Rules 11 and 56(g) on attorney and party, jointly and severally); see also Bowers v. Rector & Visitors of the Univ. of Va., 2007 U.S. Dist. LEXIS 75064, at *10-13, 16-23 (W.D. Va.) (imposing sanctions on counsel who "with reckless disregard for accuracy" prepared an affidavit that "demonstrate[d] an abject failure to exercise rudimentary legal judgment."). Plaintiff's counsel simply cannot make a plausible argument that the Court abused its

discretion by imposing sanctions for what the Court found was, at a minimum, a "willful blind-ness" to the truth.

Even the cases that Plaintiff's counsel cites lend support to the Court's decision to impose sanctions. For example, in <u>Calloway</u>, 854 F.2d at 1471-73, the Court of Appeals found sanctions were appropriate under Rule 11 where an attorney exhibited "indifference" to truth when he pre-pared an affidavit opposing summary judgment supporting a "baseless factual claim." 854 F.2d at 1473 ("Where baseless allegations are used to prevent summary judgment, sanctions are man-datory if the attorney did not make a reasonable pre-filing inquiry when he or she originally put forward the claim. Rule 11's purposes would be ill-served by any other rule."). In fact, while Plaintiff's counsel seeks to shift blame for the situation in this case to Mrs. Jimenez, the Court of Appeals in <u>Calloway</u> indicated that the blame should presumptively fall upon the attorney rather than the client.

> As licensed professionals and officers of the court, attorneys are expected to measure up to minimal standards of professional competence under the Rule and thus may not excuse their conduct on the ground that they were acting in good faith.
>
> * * *
>
> [T]he attorney, because of professional standards, is held to know of the wrongfulness of the conduct and, because of professional responsibility, should act to prevent it. Where the attorney fails to advise an unwary cli-ent of the wrongfulness of such conduct, the burden of sanctions should fall entirely upon the attorney.

<u>Calloway</u>, 854 F.2d at 1474-75 (citations omitted). Defendants believe that the same principle should apply in this situation, particularly where Plaintiff's counsel has repeatedly sought to in-voke the language barrier and his clients' lack of education as excuses for his conduct in this Court.

Plaintiff's counsel is granted the privilege and honor of practicing before this Court, yet he repudiates any and all obligations – to the Court, to the bar, and even to his clients – to con-

duct himself in a manner that serves no one's interests but his own.  Confronted with over-whelming documentary evidence that his client had no claim, he sought all along to suppress those documents, threatening sanctions against any attorney that so much as possessed them.  Expressly warned by this Court about the potentially grave consequences to his clients, he never-theless proceeded to draft and submit an affidavit that blatantly contradicted *five* separate plead-ings that he had previously filed.  Faced with a motion for sanctions against him personally, he willfully misled the Court into an error of law by ignoring, misstating, and misrepresenting the applicable rules and cases.  And, having been personally sanctioned, he practically dares the Court to make express findings against his clients in order to excuse his own role in bringing about the current state of affairs.  Plaintiff's counsel apparently believes that he should be al-lowed to practice before this Court with impunity, free from any consequences of bringing and maintaining an action based on allegations that the Court has expressly found were "too fanciful to be believed."  Summary Judgment Opinion and Order (ECF No. 122) at 22.  However, neither the law nor common sense support Plaintiff's counsel's desire to escape from the consequences of his own actions in this litigation.

**POINT III**
**THE COURT HAS JURISDICTION TO DECIDE THE MOTION TO RECONSIDER**
**AND ANY APPEAL FROM THE FEE ORDER IS STAYED**

To ensure against any further procedural confusion relating to Rules 54 and 58 of the Federal Rules of Civil Procedure and Rule 4(a) of the Appellate Rules, Defendants note that this Court retains jurisdiction to decide Plaintiff's motion to reconsider, and the notices of appeal that were filed on behalf of Plaintiff and Plaintiff's counsel are stayed pending the Court's decision on the instant motion.

Unlike the Summary Judgment Opinion and Order, the Fee Order – which was decided under Rule 54 – falls within one of the exceptions to the separate document requirement of Rule

58.  <u>See</u> Fed. R. Civ. P. 58(a)(3).  Thus, the Fee Order was, as of the date it was issued, December 9, 2015, an "order from which an appeal lies."  Fed. R. Civ. P. 54(a).

Plaintiff's motion purports to seek relief under Rule 54(b) and "Local Rule 6" – presumably referring to Local Civil Rule 6.3.  However, as previously explained, Rule 54(b) has zero applicability, both prior to the Summary Judgment Opinion and Order, and now.  The correct rule governing Plaintiff's motion is Rule 60, since Plaintiff and Plaintiff's counsel are seeking "Relief from a Judgment Or Order."

While it is normally true that a docketed appeal would deprive this Court of jurisdiction to alter or amend a judgment or order from which relief is sought, Fed. R. Civ. P. 60(a), a motion under Rule 60 that is filed "no later than 28 days after the judgment is entered" has the reverse effect: namely, the pending motion to reconsider stays the time to appeal until "the entry of the order disposing of the last such remaining motion."  Fed. R. App. P. 4(a)(4).  Therefore, the Notice of Appeal (ECF No. 137) and Amended Notice of Appeal (ECF No. 139) are stayed pending the Court's decision on the motion to reconsider.

## CONCLUSION

The motion to reconsider does not set establish any "clear error" warranting reversal of the Court's previous decision granting attorneys' fees against Plaintiff and sanctions against Plaintiff's counsel. Defendants therefore respectfully request that the motion be denied, and that the Court issue an Order granting such such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
         January 13, 2016

**ZACHARY W. CARTER**
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, Quilty,*
       *and Lopez*
100 Church Street
New York, New York 10007
(212) 356-2661


By: _____
     Tobias E. Zimmerman
     *Senior Counsel*
     Special Federal Litigation Division


cc:    Gregory P. Mouton, Jr., Esq. (**via ECF**)
       Kenneth J. Gorman, Esq. (**via ECF**)
       Brian J. Isaac, Esq. (**via ECF**)
       *Attorneys for Plaintiff*