UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————— X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/5/16

PATRICIO JIMENEZ,

            **Plaintiff,**

         **- against -**

**THE CITY OF NEW YORK, DETECTIVE
JAMES QUILTY, DETECTIVE MIGUEL
LOPEZ, and JOHN/JANE DOE #1,**

            **Defendants.**

——————————————————————— X

**MEMORANDUM
OPINION AND ORDER**

**14-cv-2994 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

        On December 9, 2015, this Court issued an Opinion and Order (the

"December 9 Opinion") levying fees against Patricio Jimenez and sanctions against

his counsel, Gregory Mouton, in the amount of $19,075. Plaintiff moves for

reconsideration of the December 9 Opinion, arguing that this Court committed

clear error (1) in deeming defendants' motion for fees and sanctions timely filed

and (2) in levying sanctions against Mouton for preparing and submitting an

affidavit containing statements so clearly inapposite to the factual record as to be

patently unbelievable. For the following reasons, plaintiff's is DENIED in all

respects.

## II.   DISCUSSION

### A.   Legal Standard

The standard for granting a motion for reconsideration is strict. "'[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'"[1]  "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"[2]  Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[3]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then

---

[1]    *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

[2]    *Oji v. Yonkers Police Dep't*, No. 12 Civ. 8125, 2013 WL 4935588, at *1 (S.D.N.Y. Sept. 11, 2013) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

[3]    *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).  *See also Shrader*, 70 F.3d at 257 (describing grounds for reconsideration as "matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

plugging the gaps of a lost motion with additional matters.'"[4]  Local Rule 6.3 must

be "'narrowly construed and strictly applied so as to avoid repetitive arguments on

issues that have been considered fully by the Court.'"[5]  Courts have repeatedly

been forced to warn counsel that such motions should not be made reflexively, to

reargue "'those issues already considered when a party does not like the way the

original motion was resolved.'"[6]  A motion for reconsideration is not an

"'opportunity for making new arguments that could have been previously

advanced,'"[7] nor is it a substitute for appeal.[8]

---

[4]     *In re Optimal U.S. Litigation*, 813 F.Supp. 2d 383, 387 (S.D.N.Y. 2011) (quoting *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008)).  *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[5]     *Simon v. City of New York,* No. 14 Civ. 8391, 2015 WL 4092389, at *1 (S.D.N.Y. July 6, 2015) (quoting *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009)).

[6]     *Flood v. Carlson Rests, Inc.*, No. 14 Civ. 2740, 2015 WL 6870490, at *2 (S.D.N.Y. Nov. 9, 2015) (quoting *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008)).

[7]     *Stone v. Theatrical Inv. Corp.*, 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (quoting *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)).

[8]     *See Amtrust North America, Inc. v. Safebuilt Ins. Servs., Inc.*, No. 14 Civ. 9494, 2015 WL 9480080, at *1 (S.D.N.Y. Dec. 22, 2015).

B.      **Timeliness of Defendants' Motion**

Plaintiff argues that this Court committed clear error in finding that defendants' motion for fees and sanctions was untimely, but retroactively extending the filing deadline by one day due to defendants' excusable neglect in determining the 14-day filing window for their Rule 54(d)(2)(B) motion began to run upon the clerk's entry of final judgment — as opposed to the date of the Court's summary judgment opinion.  Upon reconsideration, I now conclude that defendants' motion for fees and sanctions was timely.[9]

Plaintiff argues in his reply brief that I may not consider defendants' arguments that their motion was timely in deciding plaintiff's motion for reconsideration.   However, plaintiff raised the question of timeliness in his motion for reconsideration (arguing that the Court committed clear error in finding the motion untimely but granting a retroactive extension due to excusable neglect). This Court therefore considers all arguments regarding the timeliness of defendants' motion in resolving plaintiff's motion for reconsideration, including

---

[9]      Defendants urge the Court to amend the December 9 Opinion under Rule 60(a) of the Federal Rules of Civil Procedure to find the original motion for fees and sanctions to be timely.  Rule 60(a), however, only "provides a remedy when the Court's order 'fails to reflect the actual intention of the court.'" *Feldman Law Group P.C. v. Liberty Mut. Ins. Co.*, 819 F. Supp. 2d 247, 266 (S.D.N.Y. 2011) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994)).  Rule 60(a) is inapplicable to this case.

-4-

defendants' argument that their motion was timely, obviating the need for a finding of excusable neglect.[10]

The Court's Opinion and Order granting defendants' motion for summary judgment was dated September 24, 2015. The following day, September 25, 2015, the Clerk of the Court entered a separate judgment — as required by Rules 58 and 79 of the Federal Rules of Civil Procedure. As set forth in the Advisory Committee Note to Rule 58, "the time for making motions under Rule[] . . . 54(d)(2)(B) . . . never begins to run" without the filing of this separate document.[11] The 14-day window for filing a Rule 54(d)(2)(B) motion began on September 25, 2015, when the Clerk of the Court entered judgment. Defendants' motion, filed on October 9, 2015, was therefore timely.[12]

---

[10] *See, e.g.*, *Brown v. City of Oneonta,* 858 F. Supp. 340, 342 (N.D.N.Y. 1994) (refusing to consider opposition arguments that were outside the scope of movant's brief, but considering arguments related to the arguments raised in movant's brief). *Cf. MyPlayCity, Inc. v. Conduit Ltd.*, No. 10 Civ. 1615, 2012 WL 1107648, at *9 (S.D.N.Y. Mar. 30, 2012) (citing *Coach Leatherware Co., Inc. v. Ann Taylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991)) (confirming, in the summary judgment context, that a court may decide in favor of the non-movant without the filing of a cross-motion).

[11] Fed. R. Civ. P. 58 2002 Advisory Committee Note. *Accord Perez v. AC Roosevelt Food Corp.*, 734 F.3d 175, 176-77 (2d Cir. 2013) ("Where a separate document is required [by Rule 58], entry occurs . . . [when] the judgment or order is set forth in a separate document.") (quotation omitted).

[12] To the extent a reviewing court determines the motion was, in fact, untimely, I continue to conclude that defendants' untimely filing was excusable

-5-

### C.    Applicability of Sanctions

Plaintiff argues that this Court committed clear error in levying sanctions against plaintiff's counsel under Rule 56(h) of the Federal Rules of Civil Procedure.  Specifically, plaintiff argues that this Court misapplied the Second Circuit's standard for sanctionable behavior under Rule 56(h), and that this Court failed to consider evidence in the record that made it "objectively reasonable for [Mouton] to have relied on Mrs. Jimenez's statements, even if her statements were suspect."[13]  Plaintiff is incorrect on both counts.

The Court awarded sanctions against plaintiff's counsel under Rule 56(h) based on its finding that the affidavit of Mrs. Jimenez in opposition to defendants' motion for summary judgment — drafted and submitted by Mouton — was so obviously contradicted by the entirety of the record, and so likely perjurious, that it was "too fanciful to be believed."[14]  Mouton quibbles with the Court's language in its opinion, claiming that I did not specifically find that his client committed perjury or that he was aware of the perjurious statements in the

---

neglect worthy of a one day retroactive extension.

[13]    Plaintiff's Memorandum of Law in Support of Motion for Reconsideration ("Pl. Mem.") at 8.

[14]    *Jimenez v. City of New York*, No. 14 Civ. 2994, 2015 WL 8489975, at *5 (S.D.N.Y. Dec. 9, 2015).

affidavit.  I decline Mouton's somewhat surprising invitation to make an express
finding of perjury against his client; such a finding is unnecessary.  My views on
the veracity of Mrs. Jimenez's affidavit are plainly set forth in the December 9
Opinion.  When Mouton wrote and submitted this affidavit, he was aware of the
existence of the many records and statements (including the statements of the
affiant herself) undercutting Mrs. Jimenez's testimony — records and statements
whose veracity plaintiff's counsel has never directly impugned.  This Court made
an inference, given the overwhelming weight of this record, that Mouton knew
Mrs. Jimenez's story was false, and Mouton nonetheless submitted the affidavit.
To the extent the December 9 Opinion is unclear: this is a finding of actual
knowledge on Mouton's part.

There is no clear error to correct.  Plaintiff argues that "an attorney
who relies on a client's verification made under penalty of perjury is not acting in
bad faith . . . ."[15]  However, plaintiff fails to mention the sentence directly
preceding this quote: "[A]n attorney may not be found to have acted in bad faith
when he or she has relied on a client's statements as to factual claims *when those
statements are objectively reasonable.*"[16]  Mouton cannot hide behind his client's

---

[15]    *Braun ex rel. Advanced Battery Techs., Inc. v. Fu*, No. 11 Civ. 4383,
2015 WL 4389893, at *16 (S.D.N.Y. July 15, 2015).

[16]    *Id.* (quotation omitted) (emphasis added).

affirmation to shield himself from the consequences of his actions.  Over the entire

course of this action, Mouton attempted to suppress the various medical records

conclusively demonstrating that Mrs. Jimenez reported a domestic assault to

numerous individuals.  When that tactic failed, and Mouton had failed to produce a

scintilla of evidence supporting Mr. Jimenez's false arrest claims, he produced an

affidavit the contents of which — given everything else in the record — were more

than just objectively unreasonable, they were absolutely fanciful.  That Mrs.

Jimenez signed the document under penalty of perjury does not absolve Mouton.[17]

        Mouton suggests that the "evidence" he submitted in opposition to

defendants' motion for fees and sanctions demonstrates that it *was* objectively

reasonable for him to rely on Mrs. Jimenez's statements in preparing and

submitting her affidavit, and that this Court therefore committed clear error by not

---

        [17]       Where a false or misleading affidavit has been submitted, district
courts are well within their rights to levy sanctions against an attorney and his
client, jointly and severally.  *See, e.g.*, *Warshay v. Guinness Plc*, 750 F. Supp. 628,
640-41 (S.D.N.Y. 1990) (imposing sanctions under Rule 56(g) on party and
attorney, jointly and severally, for submission of a misleading affidavit); *Marine
Midland Bank v. Goyak*, No. 84 Civ. 1204, 1984 WL 3654, at *4 (S.D.N.Y. July
12, 1984) (imposing sanctions under Rule 56(g) on party and attorney, jointly and
severally, for submitting an affidavit in bad faith).  *Accord Bowers v. Rector &
Visitors of the Univ. of Virginia*, No. 3:06cv00041, 2007 WL 2963818, at *6-8
(W.D. Va. Oct. 9, 2007) (imposing sanctions under Rule 56(g) on counsel who
"with reckless disregard for accuracy" prepared an affidavit that "demonstrate[d]
an abject failure to exercise rudimentary legal judgment.").

resolving any doubts as to good faith in his favor.[18]  It did not.  This Court

reviewed Mouton's declaration together with plaintiff's opposition to defendants'

motion for fees and sanctions.  The declaration in no way addressed the crux of the

issue: the lack of any explanation for dismissing the numerous, independent,

disinterested accounts of medical professionals and support staff and the previous

conflicting statements of Mrs. Jimenez, all of which directly undercut her affidavit.

Instead, it largely re-presented the same handful of collateral and/or outright

misleading facts this Court considered and rejected in deciding defendants' motion

for summary judgment.[19]

There were no doubts to be resolved in Mouton's favor.  In the face of

overwhelming evidence, including conflicting previous statements from the affiant,

and after this Court explicitly warned Mouton of the potential consequences of

---

[18]     *See* Pl. Mem. at 8.

[19]     These facts are: (1) the existence of 911 call reports indicating Mrs. Jimenez claimed she had fallen in her bathroom, which are undercut by the ambulance SPRINT report indicating Mrs. Jimenez reported a domestic assault once she was in the ambulance; (2) minor errors in the Domestic Incident Report prepared at Harlem Hospital Center (misidentifying Mrs. Jimenez's ethnic categorization as "Black Hispanic" and misidentifying her husband's last name as "Hernandez"); and (3) a statement by an attorney for Mount Sinai Hospitals Group, Inc., speculating as to the availability of interpreter services at the Harlem Hospital Center — a different entity, with different counsel — at a premotion conference before this Court, mischaracterized by Mouton as an admission that there was no interpreter available to Mrs. Jimenez at Harlem Hospital Center on the night she was treated.

submitting a false affidavit, Mouton drafted and submitted an affidavit to this Court containing statements "too fanciful to be believed."[20]  This "willful blindness"[21] to the "very likely perjurious"[22] statements of the affiant "rises to the level of egregious behavior requiring a finding of bad faith."[23]

## III.  CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is DENIED.  The Clerk of the Court is directed to close this motion (Dkt. No. 132).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:        New York, New York
              February 5, 2016

---

[20]   *Jimenez*, 2015 WL 8489975, at *5.

[21]   *Id.* at *7.

[22]   *Id.* at *6.

[23]   *Id.* at *7.

**–Appearances–**

**For Plaintiff:**

Gregory P. Mouton, Jr., Esq.
The Law Office of Gregory P. Mouton, Jr.
305 Broadway, 14th Floor
New York, NY 10007
(646) 706-7481

**For Defendants:**

Tobias E. Zimmerman
Senior Counsel
City of New York Law Department
100 Church Street
New York, NY 10007
(212) 356-2661